## A99A0891. POWELL v. THE STATE.
### (522 SE2d 244)

JOHNSON, Chief Judge.

With the assistance of retained counsel, Perry Powell entered guilty pleas in three cases. He appeals from the judgments of conviction and sentences entered by the trial court, claiming the trial court erred in denying his motion to withdraw his guilty pleas, in sentencing him "in breach" of the negotiated plea agreement, and in resentencing him in only one of the three cases. We find no error and affirm.

In Dougherty County Superior Court Case No. 98R247, Powell was charged with possession of cocaine, manufacture of marijuana, possession of less than an ounce of marijuana, and possession of a firearm during the commission of a crime. In Case No. 98R742, Powell was charged with theft by receiving stolen property, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute. In Case No. 98R743, Powell was charged with dog fighting and 20 counts of cruelty to animals.

Powell negotiated a plea agreement with the state on most of the charges, while the remaining charges, which are not relevant to this appeal, were dismissed or are still pending. Powell agreed to plead guilty to possession of cocaine and manufacture of marijuana in Case No. 98R247; guilty to possession of marijuana with intent to distribute and possession of cocaine in Case No. 98R742; and guilty to 14 counts of cruelty to animals in Case No. 98R743. The state agreed to recommend that Powell serve no more than a total of ten years in prison.

At the plea hearing, the court asked Powell a series of questions regarding such matters as the voluntariness and factual basis of his pleas and whether Powell understood that the agreement was not binding on the court. The court accepted the pleas and postponed sentencing until August 3.

At the sentencing hearing, the trial court sentenced Powell to serve ten years in prison in Case No. 98R247; ten years in prison on the marijuana charge and five years in prison on the cocaine charge in Case No. 98R742; and fourteen years in prison in Case No. 98R743. All of the sentences were to run concurrently with each other.

On August 12, Powell filed a "Motion to Withdraw Guilty Plea." The motion referred to Case No. 98R742 (the possession of cocaine and possession of marijuana with intent to distribute case), but complained only of the 14-year sentence given in Case No. 98R743 (the animal cruelty case). In the written motion, Powell argued that the parties' negotiated plea agreement provided that he would serve no more than a total of ten years in prison and that the court (a) failed

to inform him of its intention to reject the agreement, and (b) refused to allow him to withdraw the pleas. See generally *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980). After a hearing which was not transcribed, the court granted the motion to withdraw the plea, vacated the sentence imposed, and set a new sentencing hearing for August 28.

At the new sentencing hearing, Powell argued that the plea agreement concerned all three cases and because the agreement was not followed, his guilty pleas in all three cases had been set aside. He said he was therefore entitled to enter new guilty pleas in all three cases, offer evidence in mitigation, then be resentenced in each case. The state pointed out that, except for the 14-year sentence imposed in the animal cruelty case, the sentences were consistent with the plea agreement. The state further asserted that only the plea in the animal cruelty case was at issue in the prior hearing and that was the only case in which the plea was withdrawn and the sentence vacated.

The court agreed with the state, recalling that Powell was allowed to withdraw the plea only in the animal cruelty case. When the court announced that it would address only the sentence imposed in that case, defense counsel replied: "All right. Very good, your Honor." The court sentenced Powell to serve five years in prison on that case. Powell did not object to the sentence imposed or to the court's decision not to consider the other two cases.

1. Powell contends the trial court erred "in not allowing [him] to withdraw his guilty plea when the terms of the negotiated plea were not followed." He seems to argue that he should have been permitted to withdraw all three guilty pleas. However, in his motion to withdraw, Powell complained of only the 14-year sentence entered in one of the cases. The trial court allowed Powell to withdraw the guilty plea in that case. The new sentence was consistent with the terms of the negotiated plea agreement. This court will not grant more relief than was requested below. *Ardeneaux v. State*, 225 Ga. App. 461, 462 (2) (484 SE2d 74) (1997).

Moreover, because after resentencing Powell received sentences consistent with the terms of the negotiated plea, he has failed to show harm. See generally *Threatt v. State*, 211 Ga. App. 630, 632 (3) (c) (440 SE2d 61) (1994); *Miller v. State*, 160 Ga. App. 639 (1) (287 SE2d 643) (1981). This enumeration presents no grounds for reversal.

2. Powell's similar argument that the court erred in sentencing him contrary to the terms of the negotiated plea agreement is likewise without merit, inasmuch as the sentences were consistent with the agreement.

3. Powell claims the court erred in resentencing him in one case

while allowing the sentences in the other two cases to stand. Although his argument is unclear, he apparently contends the court should have resentenced him in all three cases.

Powell waived any such objection. At the resentencing hearing, the trial court stated that only the animal cruelty case was at issue and announced its intention to impose a new sentence only in that case. As set out in detail above, defense counsel did not object to the court's plan, but indicated his approval. Shortly thereafter, when the court imposed the new sentence in the animal cruelty case, the state asked if the other two cases remained the same. The trial court replied that they did. Powell still voiced no objection. Powell had several opportunities to object to the imposition of a new sentence in less than all three cases, but failed to do so.

> A litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an alleged erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it.

(Citations and punctuation omitted.) *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986).

Moreover, Powell has cited and we have found no authority supporting his contention that resentencing in one case requires resentencing in all other cases brought against a particular defendant. The cases were brought under separate accusations and the court imposed separate sentences for each case. Under these circumstances, we find no error. See generally *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993) (cases not considered "consolidated for trial" where convictions resulted from separate indictments and separate orders of sentence entered on each indictment).

*Judgments affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 2, 1999.

*David E. Slemons*, for appellant.

*Kenneth B. Hodges III, District Attorney, James L. Corbett, Assistant District Attorney*, for appellee.