### A99A1710. MILLER v. THE STATE.
(527 SE2d 571)

MILLER, Judge.

Indicted for numerous offenses and represented by two attorneys, Christopher Miller negotiated a sentence and charge reduction with the State and pled guilty to two offenses (burglary and robbery

---

[2] See OCGA § 9-3-30.
[3] 231 Ga. App. 671, 674 (3) (499 SE2d 707) (1998).
[4] Id.

by intimidation). After a detailed inquiry to ensure Miller was acting voluntarily, the court accepted the guilty plea and entered the negotiated sentence. Two days later Miller moved to withdraw his guilty plea, arguing the plea was involuntary because (i) as an eighteen-year-old with no counsel from his family he had been scared and overwhelmed by the process, and (ii) he had received only one day to consider the State's offer. Following a hearing, the court denied the motion.

On appeal Miller asserts two errors: (1) in light of his age, distraught psychological condition, and lack of time to consider the plea, the court erred in finding the plea was voluntary; and (2) the court erred in denying the motion to withdraw the plea where the transcript showed that, in seeming contradiction to the court's pronouncement, the State said the plea agreement would be violated if Miller sought a sentence reduction from the Sentence Review Panel. Because evidence supported a finding of voluntariness, and because Miller did not raise the sentencing panel issue below, we affirm.

1. Once a defendant challenges the validity of his guilty plea, the burden falls on the State to show that the defendant intelligently and voluntarily entered the plea.[1] The query is whether the defendant freely and voluntarily entered the plea with an understanding of (i) the charges against him and (ii) the consequences of his plea.[2] The State may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence.[3] We will not disturb the trial court's ruling on the question absent a manifest abuse of discretion.[4]

Here the transcript of the guilty plea hearing reflected a careful inquiry by the court showing that Miller fully understood the nature of the charges, the consequences of his plea, and the rights he was relinquishing. Miller also testified that he was acting freely and voluntarily without fear of coercion or hope of benefit (other than the negotiated sentence), and he admitted to the facts underlying the two offenses. True, Miller's attorneys later argued in the motions to withdraw the plea that his age, lack of family advice, psychological condition, and short time frame coerced him. But this was a matter for the trial court to decide, and since evidence supported its ruling, it did not manifestly abuse its discretion in concluding that Miller entered

---

[1] *King v. State*, 270 Ga. 367, 369 (1) (509 SE2d 32) (1998); *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

[2] *King*, supra, 270 Ga. at 369 (1); *Goodman v. Davis*, 249 Ga. 11, 13 (1) (287 SE2d 26) (1982).

[3] *King*, supra, 270 Ga. at 369 (1); *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).

[4] *Cunningham v. State*, 239 Ga. App. 889, 890 (1) (522 SE2d 480) (1999); *Craft v. State*, 234 Ga. App. 305, 307 (1) (506 SE2d 663) (1998).

the plea voluntarily and freely with the requisite understanding.[5]

2. After the court advised Miller that he could have his sentence reviewed by the Sentence Review Panel, the State announced that in its opinion a sentence review application would violate the plea agreement. Miller contends that this required the court to allow him to withdraw his guilty plea.

But Miller failed to raise this argument below, either in his written motions to withdraw his plea or at the hearing on his motions. Grounds for allowing a guilty plea withdrawal, which are not raised below, may not be raised for the first time on appeal.[6]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 10, 1999.

*Mark S. Martin*, for appellant.

*Kelly R. Burke, District Attorney, A. James Rockefeller, Assistant District Attorney*, for appellee.

[5] Compare *Rowland v. State*, 72 Ga. App. 793 (35 SE2d 372) (1945).

[6] *Overby v. State*, 150 Ga. App. 319, 320 (4) (257 SE2d 386) (1979).

