## A03A1594. FULLER v. THE STATE.
(586 SE2d 359)

MILLER, Judge.

Following a jury trial, Doyle Fuller was convicted of armed robbery. He appeals, challenging the sufficiency of the evidence and enumerating as error the trial court's ruling that his statements to police were voluntary and therefore admissible. We affirm, holding that the evidence of guilt was sufficient and that evidence supported the trial court's factual determination that the statements to police were voluntary.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

So construed, the evidence showed that a barefoot man entered a convenience store, picked up a 12-pack of Bud Light beer, and approached the cashier. He lifted his coat to show a gun in his waistband and demanded that the cashier give him money from the register. The cashier complied, and the man escaped from the store with the stolen money and beer.

Police came and, using a canine, followed the trail of the robber to a dead-end street, where the torn-off handle of a 12-pack of Bud

Light beer was found. Also in the vicinity was a handgun that matched the description of the weapon seen in the robber's waistband. Fuller was arrested and confessed to robbing the store but denied using a handgun to accomplish the crime.

At trial, the above evidence came in, plus the cashier positively identified Fuller as the robber and reaffirmed that Fuller used a gun. In addition, a store videotape of the incident showed the robbery with Fuller as the robber (but did not show the gun because of the camera angle), and Fuller's footprints matched those at the scene. His grandmother's pre-trial statements that she owned the gun found nearby (which was missing from her home at the time of the robbery) and that Fuller was living with her at that time were also admitted. The Bud Light handle, the gun, and Fuller's statements to police were admitted over his objection. This evidence sufficed to sustain a conviction of armed robbery. See OCGA § 16-8-41 (a).

In his brief, Fuller argues that the court erroneously admitted the gun into evidence. Fuller, however, did not enumerate this evidentiary ruling as error in his enumeration of errors. "[A]n appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors. [Cits.]" *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999); see *Black v. State*, 261 Ga. App. 263, 270 (5), n. 28 (582 SE2d 213) (2003). Even if the matter were properly raised, we hold that the trial court did not abuse its discretion in admitting the gun in light of (1) the evidence that the gun was abandoned in proximity to the location where police tracked the robber, (2) the cashier's testimony that the gun appeared to be the one that was in the robber's waistband, and (3) the grandmother's statements that it was her gun and that Fuller was living with her at the time of the robbery. Cf. *Prather v. State*, 259 Ga. App. 441, 443 (3) (576 SE2d 904) (2003).

2. Following a *Jackson-Denno* hearing, the trial court found that Fuller's statement to police about committing the robbery without the gun was knowing and voluntary and therefore admissible. Fuller enumerates this ruling as error, arguing that the statement was involuntary in that Fuller was under the influence of alcohol and drugs at the time and police promised Fuller a benefit (he might be charged with a lesser offense) if he confessed.

"To determine the admissibility of a statement during a *Jackson-Denno* hearing, a trial court must determine, by a preponderance of the evidence, whether the applicable statement was knowing and voluntary." (Citation and footnote omitted.) *Jackson v. State*, 257 Ga. App. 857, 860 (3) (572 SE2d 703) (2002). We will not disturb the trial court's factual findings unless they are clearly erroneous. *Daniel v. State*, 268 Ga. 9, 10 (2) (485 SE2d 734) (1997).

As evidence of intoxication, Fuller points to the waiver form, on which the interviewing officer checked "Yes" next to the question whether Fuller was under the influence of alcohol. The officer testified that Fuller also admitted to taking some pills that day. However, this officer also testified that Fuller displayed no indications of intoxication, that Fuller knew what he was doing, that Fuller appeared coherent, that Fuller said he was not under the influence of any intoxicants, and that in the officer's opinion, Fuller was not under the influence of any intoxicants. A second officer at the interview confirmed that Fuller was not under the influence of any drugs or alcohol. The first officer explained that the waiver form reference to Fuller's being under the influence of alcohol was simply to reflect Fuller's statement that he had drunk a couple of beers earlier in the day. The court reviewed the videotape of Fuller's statement to determine the influence of alcohol or drugs.

Despite some evidence of intoxication, a trial court may determine based on countervailing evidence that the defendant was not under the influence of intoxicants and that the defendant was acting voluntarily and knowingly, which ruling we will uphold as not "clearly erroneous." See, e.g., *Christopher v. State*, 269 Ga. 382, 383 (2) (497 SE2d 803) (1998); *Willis v. State*, 263 Ga. 597, 599 (2) (436 SE2d 204) (1993); *Jackson*, supra, 257 Ga. App. at 860 (3); *Hemidi v. State*, 245 Ga. App. 417, 420 (4) (537 SE2d 804) (2000). Inasmuch as some evidence here supported a finding of no intoxication, we will not disturb the trial court's factual finding to that effect.

Similarly, testimony supported the court's factual finding that police promised no benefits or reduced charges. Accordingly, neither will we disturb the trial court's determination that Fuller gave his statement voluntarily without any hope of benefit. See *Jenkins v. State*, 251 Ga. App. 76, 77 (553 SE2d 378) (2001); *Bailey v. State*, 248 Ga. App. 120, 121 (545 SE2d 659) (2001).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 5, 2003.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.