## A03A0782. HIRJEE v. THE STATE.

(587 SE2d 144)

PHIPPS, Judge.

On May 17, 2002, Fidahussein R. Hirjee pled guilty to theft by shoplifting. Eleven days later, he filed a motion pro se attempting to withdraw his guilty plea on the ground that his plea had been coerced by "the system" that had made it too difficult for him to post bond. He claimed that had he not pled guilty, he would have remained in jail indefinitely. After a hearing, the court found that Hirjee's plea had been entered voluntarily and thus denied the motion. Hirjee appeals. Because the record reveals that the trial court did not abuse its discretion in denying Hirjee's motion, we affirm.

> Once a defendant challenges the validity of his guilty plea, the burden falls on the State to show that the defendant intelligently and voluntarily entered the plea. The query is whether the defendant freely and voluntarily entered the plea with an understanding of (i) the charges against him and (ii) the consequences of his plea. The State may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence. We will not disturb the trial court's ruling on the question absent a manifest abuse of discretion.[1]

The transcript of Hirjee's guilty plea hearing shows that Hirjee understood that he was charged with the misdemeanor offense of theft by shoplifting by concealing in his clothing a package of hinges, having a value of $300 or less, with the intent of appropriating the store's merchandise for his own use without paying for it. The court informed Hirjee that the maximum sentence was a fine of up to $1,000, 12 months to serve in jail, or both.[2] Hirjee stated that he understood that, by pleading guilty, he was forfeiting his rights to remain silent, to plead not guilty, to a speedy and public trial, to have an attorney represent him in a trial, to call witnesses on his behalf, to cross-examine witnesses who would be called to testify against him, and to have the state prove him guilty beyond a reasonable doubt. The court directly asked Hirjee, "[H]as anyone threatened you, coerced you or intimidated you in any way in an effort to get you to enter your plea today?" Hirjee shook his head negatively. The court then asked him, "You do so freely, voluntarily and of you[r] own accord with the full knowledge of the rights as I've

---

[1] (Footnotes omitted.) *Miller v. State*, 241 Ga. App. 397, 398 (1) (527 SE2d 571) (1999).

[2] See OCGA §§ 16-8-14; 17-10-3 (a) (1).

explained them to you?" Hirjee confirmed by nodding his head affirmatively. And when the court asked Hirjee whether he had anything to say, Hirjee made no suggestion that his plea was not voluntary.

Although Hirjee later claimed he was coerced into pleading guilty, the hearing transcript shows that he freely and voluntarily entered the plea with an understanding of the charges against him and the consequences of his plea. Therefore, the trial court did not abuse its discretion in denying Hirjee's motion to withdraw his guilty plea.[3]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 21, 2003 —
RECONSIDERATION DISMISSED SEPTEMBER 12, 2003.

Fidahussein Hirjee, *pro se.*
*Keith C. Martin, Solicitor-General*, for appellee.

---

[3] See *Rooks v. State*, 245 Ga. App. 655, 656-657 (3) (538 SE2d 555) (2000); *Miller*, supra; *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).