## A04A2364. COVIN v. THE STATE.
### (611 SE2d 729)

BERNES, Judge.

Dexter Covin was charged with trafficking in cocaine and two counts of obstruction of an officer. Covin retained counsel, pled not guilty and proceeded to a trial by jury. On the second day of trial, after the state had rested its case and after co-defendant Tony Lynn Lowe announced his intent to plead guilty, Covin changed his plea and entered a negotiated plea of guilty to the lesser included offense of possession of cocaine with the intent to distribute and to the two counts of obstruction of an officer. Approximately one month later, Covin filed a motion to withdraw his guilty plea, which was denied by the trial court. He appeals the trial court's denial of his motion to withdraw. We find no error and affirm.

As a threshold matter, we note the evidence at trial provided the trial court with a sufficient factual basis for entry of the guilty plea. Evidence at trial showed that a Henry County police officer stopped an automobile driven by Lowe for traffic violations. While the officer was talking to Lowe, Covin exited the automobile and ran away. The officer chased after Covin and saw that Covin was carrying a small white bag. As the officer approached Covin, Covin tore open the bag, and its contents, a white powdery substance, began to spill.

When the officer reached Covin, Covin threw the bag on the ground and attacked the officer with his fists. The officer was able to subdue Covin, but when another officer arrived, Covin again became combative and kicked the other officer. The two officers then wrestled Covin to the ground and placed him under arrest. The bag which Covin had been carrying contained 950.1 grams of cocaine with 76.3 percent purity.

1. Covin contends the trial court erred in denying his motion to withdraw his guilty plea on the ground that his guilty plea was not freely and voluntarily entered with a full understanding of the rights he was waiving and the consequences of the plea.

> Once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. After a [defendant] raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that

affirmatively shows that the guilty plea was knowing and voluntary.

(Citations omitted.) *Clark v. State*, 249 Ga. App. 722, 723 (549 SE2d 520) (2001).

The record in the instant case reveals that prior to accepting Covin's guilty plea, the trial court posed a series of questions relating to the knowing and voluntary nature of Covin's plea. In response to the trial court's inquiries, Covin affirmatively stated he understood the rights he was waiving including the right to trial by jury, the right to confront witnesses, the right to call witnesses on his behalf and the right not to incriminate himself.[1] Covin further voiced his understanding of the nature of the charges against him, the maximum and mandatory minimum sentences on those charges, and the terms of his negotiated plea. See Uniform Superior Court Rule 33.8. Covin also stated that he was entering his guilty plea freely and voluntarily and that he was not under the influence of drugs or alcohol.

Covin now contends he was forced to quickly decide whether to plead guilty and that as a result, he was stunned and did not comprehend what was happening at the time he entered his guilty plea.[2] The transcript of the guilty plea hearing belies Covin's assertion; Covin responded appropriately and cogently to the trial court's inquiries. Covin's initial response to one inquiry was inaudible, but we do not find that a single inaudible response evidences a lack of comprehension on his part.

Additionally, the record reflects Covin made a reasoned decision to plead guilty. While Covin testified at the motion to withdraw his guilty plea that he could not remember the guilty plea colloquy, he testified that he did remember the evidence presented against him at trial. He admitted that such evidence, along with the fact that his co-defendant had elected to enter a guilty plea and could possibly testify against him, influenced his decision to change his plea. Further, evidence at the hearing on Covin's motion to withdraw his guilty plea established that appellant had previously entered guilty pleas to two other felonies and thus was familiar with the guilty plea process. See *Goodman v. Davis*, 249 Ga. 11 (1) (287 SE2d 26) (1982).

At the motion hearing, Covin testified that shortly before he entered his guilty plea, his trial attorney stated Covin had no chance

---

[1] Appellant also knew that at a trial by jury he would have the right to testify in his own behalf. The trial court had advised appellant of this fact after the state rested its case.

[2] These issues raised by Covin presented factual issues for the trial court's resolution. *Miller v. State*, 241 Ga. App. 397 (527 SE2d 571) (1999) (defendant's arguments that his age, lack of family advice, psychological condition and short time frame coerced his guilty plea were matters for the trial court to decide).

of succeeding at trial. Covin complains that the state failed to rebut his testimony on this issue. He does not assert that this alleged statement by counsel was untrue or that his counsel was ineffective for making such a statement.[3] Covin has not demonstrated that counsel's alleged statement vitiated the voluntary and knowing nature of his plea.

2. Covin also contends his guilty plea should be set aside because the trial court failed to advise him that entry of a guilty plea would waive his right to appeal the trial court's rulings on his motion to suppress and motion for a directed verdict. The trial court's failure to inform Covin that entry of a guilty plea would waive his right to appeal the denial of his motion to suppress was not error. *Stevens v. State*, 202 Ga. App. 473, 474 (2) (414 SE2d 702) (1992).

> While it is unquestioned that a guilty plea or a nolo contendere plea must be knowingly and voluntarily made after proper advice and with a full understanding of the consequences, the trial court is not required to inform a defendant of all the possible collateral consequences of his plea.

*Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468) (1979). Although the trial court did not specifically advise Covin that he would be giving up his right to appeal any issue regarding the sufficiency of the evidence, the trial court twice advised Covin that by pleading guilty, he was giving up his right to any determination by the jury as to guilt or innocence. Furthermore, the record demonstrates Covin knew that by pleading guilty, he was in fact conceding his guilt.

Finally, Covin contends the trial court erred in failing to find on the record "that [Covin] freely and voluntarily entered his plea and that he understood his statutory and constitutional rights." Covin did not urge this error in the trial court and thus has not preserved this allegation of error for appeal. *Miller v. State*, 241 Ga. App. 397 (2) (527 SE2d 571) (1999). Nevertheless, the trial court's finding "is implicit in the court's acceptance of [Covin's] plea after personal examination of [Covin] and counsel in open court." *Roper v. State*, 246 Ga. App. 553, 555 (1) (c) (541 SE2d 130) (2000).

The record in this case "reflect[s] a careful inquiry by the court showing that" Covin entered his plea freely and voluntarily with a full understanding of "the nature of the charges, the consequences of his plea, and the rights he was relinquishing." *Miller v. State*, supra at

---

[3] At the guilty plea hearing, Covin stated he was satisfied with the services of his counsel.

398 (1). Accordingly, the trial court did not abuse its discretion in denying Covin's motion to withdraw his guilty plea.

*Judgment affirmed. Ruffin, C. J., and Adams, J., concur.*

DECIDED MARCH 8, 2005.

*Sexton & Morris, Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Thomas R. McBerry, Assistant District Attorneys*, for appellee.