A06A0612, A06A0613. DAVID v. THE STATE (two cases).
(631 SE2d 714)

BERNES, Judge.

In these companion cases, Dorian Elise David appeals from the denial of her motion to withdraw her guilty pleas to the offenses of felony obstruction and misdemeanor driving under the influence ("DUI"). Because the trial court did not manifestly abuse its discretion in concluding that David voluntarily and intelligently entered her pleas, we affirm.

On December 1, 2004, David appeared in the Superior Court of Dawson County and entered pleas of guilty for offenses alleged in two separate criminal cases. David was represented by defense counsel at the hearing and in the prior negotiations that occurred over the plea agreement.

In Case No. A06A0612, David was charged by indictment with multiple offenses arising out of a July 5, 2003 incident in which David fled from a traffic stop and ordered her dog to bite a law enforcement officer during her apprehension. David entered a plea of guilty on one count of felony obstruction of a law enforcement officer. The State entered an order of nolle prosequi on the remaining counts of the indictment.

Before David pled guilty to felony obstruction, the State read into the record the felony obstruction charge in the indictment and proffered the facts relied upon by the State to support the charge. The trial court then had David read to herself the "Petition to Enter Plea

of Guilty" that both she and her attorney had previously signed. The Petition certified that, among other things, David understood that she was entitled to a presumption of innocence and that the State would have to prove her guilt on the charged offense beyond a reasonable doubt if a trial occurred; understood the charges brought against her and the maximum possible sentence she could receive; had discussed the charges with her attorney, and had the right to plead "not guilty" if she so chose. The Petition further certified that David understood that by pleading guilty she was waiving certain specific rights, including the right to a public trial by jury, the right to subpoena and confront witnesses, and the right against self-incrimination.

After David had read the Petition to herself, the trial court asked her whether she had read the Petition, whether it was true, and whether she had freely and voluntarily signed it. David answered all of these questions in the affirmative.

After speaking with David, the trial court asked David's trial counsel whether he had signed the "Certificate of Counsel" that was part of the Petition and whether it was true. In the Certificate, trial counsel certified that he had discussed with David the elements of the charged offenses and any potential defenses, had explained to her the maximum possible sentence and the consequences of pleading guilty, and believed that her decision to plead guilty was voluntarily and understandably made. Trial counsel confirmed that he had signed the Certificate and that it was true.

Based on the foregoing, the trial court ruled that the Petition and Certificate would be made part of the record. The trial court then found that David understood the felony obstruction charge and the consequences of pleading guilty, understood her constitutional rights and had freely and voluntarily waived those rights, and that she had freely and voluntarily tendered a plea of guilty.

In Case No. A06A0613, David was charged by accusation with two counts of misdemeanor DUI pertaining to a traffic stop on December 23, 2003 in which she failed a breathalyzer test. David entered a plea of guilty on both counts, which were merged for sentencing.

Before David entered her plea of guilty on the misdemeanor DUI charges, the State summarized the accusation and evidence it would present if the case proceeded to trial. "Defendant's Plea Statement" was then discussed. In the Plea Statement, David acknowledged that she understood the maximum possible sentence that she could receive and that her plea was being made voluntarily and freely. The Plea Statement also certified that David understood that by pleading guilty, she was waiving, among other things, her right to a trial by jury, her right to have the State prove her guilt beyond a reasonable

doubt, her right to subpoena and confront witnesses, and her right to testify in her own defense or, alternatively, to exercise her right against self-incrimination. Additionally, the Plea Statement was signed by David's trial counsel.

The trial court asked David whether she had read the Plea Statement, whether it was true, and whether she had voluntarily and freely signed it. Again, David answered these questions in the affirmative. As with the first plea, the trial court then ruled that the Plea Statement would be made part of the record and found that David understood the charges and the consequences of pleading guilty, had freely and voluntarily tendered a plea of guilty, and had voluntarily and knowingly waived her constitutional rights.

On December 30, 2004, David filed her motion to withdraw her guilty pleas. After conducting a hearing in which David and her trial counsel testified, the trial court denied the motion. David now appeals.

> Once a defendant challenges the validity of his guilty plea, the burden falls on the State to show that the defendant intelligently and voluntarily entered the plea. The query is whether the defendant freely and voluntarily entered the plea with an understanding of (i) the charges against him and (ii) the consequences of his plea. The State may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence. We will not disturb the trial court's ruling on the question absent a manifest abuse of discretion.

(Footnotes omitted.) *Miller v. State*, 241 Ga. App. 397, 398 (1) (527 SE2d 571) (1999). See also *Boykin v. Alabama*, 395 U. S. 238, 242-243 (89 SC 1709, 23 LE2d 274) (1969).

David first contends that her guilty pleas must be set aside because the trial court allegedly did not follow Uniform Superior Court Rule ("USCR") 33.8 and, therefore, did not sufficiently inquire into whether her pleas were voluntary and into whether she understood the constitutional rights she was waiving by pleading guilty. We disagree. "The question is not whether the trial court followed the letter of USCR 33.8 but whether the record, as a whole, affirmatively shows [David's] plea was knowing and voluntary." (Citation and punctuation omitted.) *Stephens v. State*, 235 Ga. App. 756, 758 (510 SE2d 575) (1998). See also *Wiggins v. State*, 245 Ga. App. 527, 528 (538 SE2d 180) (2000). And, we have previously held that a plea statement form signed by a defendant — such as the Petition and Plea Statement signed by David — can be used to show that a guilty plea is knowingly and voluntarily entered, when the plea statement is

placed into the record and combined with a colloquy like the one that occurred between the trial court and David in this case. See *Gainer v. State*, 267 Ga. App. 408, 409 (599 SE2d 359) (2004); *Wiggins*, 245 Ga. App. at 528-529; *Stephens*, 235 Ga. App. at 758; *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488) (1985).[1]

David next argues that her guilty pleas were not voluntarily given because she suffers from an anxiety disorder that caused her to be "scared to death" at the plea hearing such that she was incapable of understanding what occurred. However, the transcript of the plea hearing reflects that David appropriately and cogently answered questions posed by the trial court at several points and even volunteered information about how she was attempting to overcome her substance abuse problems. Furthermore, David's trial attorney testified at the motion hearing that while he had concerns about David's competency at certain points prior to the date when her pleas were entered, he did not have the same concerns on the day of the pleas. Evidence also was introduced at the motion hearing that a forensic psychologist with the Georgia Department of Human Resources evaluated David prior to entry of her pleas, and the psychologist concluded that David was competent to stand trial. Finally, David's contention was called into question by the fact that at the motion hearing, David testified that she was suffering from the same anxiety and fear that she experienced when she entered her pleas, but she conceded she was able to understand what was going on at the motion hearing. Under these circumstances, the trial court was entitled to conclude that David freely and voluntarily entered pleas of guilty. See, e.g., *Covin v. State*, 272 Ga. App. 65, 66 (1) (611 SE2d 729) (2005); *Smith v. State*, 254 Ga. App. 832, 833 (563 SE2d 923) (2002); *Miller*, 241 Ga. App. at 398-399 (1).

Finally, David appears to argue that her guilty plea on the felony obstruction charge should be set aside because there purportedly was evidence that she had a meritorious defense to the charge. However, the simple fact that a defendant may have a meritorious defense is

---

[1] David's reliance upon *King v. State*, 270 Ga. 367 (509 SE2d 32) (1998) is misplaced. In *King*, the only evidence of the defendant's voluntariness was a plea statement form filled out by the prosecutor. There was no plea hearing transcript, and thus no evidence of a colloquy between the defendant and trial court concerning the defendant's understanding of the form or whether he had freely and voluntarily signed it. Furthermore, unlike in *King*, here the State also presented extrinsic evidence at the hearing on David's motion to withdraw her guilty pleas that showed that David's pleas had been voluntarily and knowingly made. Specifically, the State elicited testimony from David's trial counsel that prior to entry of the pleas, he had discussed with David the rights she would be waiving and believed that she understood those rights and the consequences of entering pleas of guilty. David's trial counsel further testified that he believed that David had voluntarily pled guilty. For these reasons, this case is distinguishable from *King*. See *Pike v. State*, 245 Ga. App. 518, 521 (1), n. 4 (538 SE2d 172) (2000).

not sufficient to set aside a guilty plea; indeed, one of the primary effects of a guilty plea is that it "acts as a waiver of all defenses, known and unknown." (Citation omitted.) *Ramsey v. State*, 267 Ga. App. 452, 454 (600 SE2d 399) (2004). Furthermore, it is clear from David's own testimony at the motion hearing that she was aware of her potential defense prior to the entry of her plea, and she acknowledged in the Petition she signed that she had been advised by her counsel of "any possible defenses [she] may have including the right to challenge the legality of any statement, confession, or other evidence obtained or seized from [her]." Thus, David's argument lacks merit.

Our review of the record reveals no manifest abuse of discretion by the trial court. Because there was record evidence that her pleas were entered voluntarily and intelligently, David's motion to withdraw her guilty pleas was properly denied.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 8, 2006 —
RECONSIDERATION DENIED MAY 26, 2006.

*Rex J. McClinton, Jeffrey L. Cox*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Wanda L. Vance, Assistant District Attorneys*, for appellee.