A06A1717. SCHLAU v. THE STATE.
(638 SE2d 895)

SMITH, Presiding Judge.

In his second appearance before this court, Brian Lee Schlau appeals from the denial of his amended motion to withdraw his guilty plea to the statutory rape of his daughter. He raises six enumerations of error, alleging recantation by the victim, threats by the prosecutor, lack of ability to enter a plea due to depression and prescription drugs, failure to advise him of the possible sentence, ineffective assistance of counsel, and threats of a more severe sentence if he did not plead guilty. Because the evidence is in conflict with respect to each of Schlau's allegations, the trial court did not abuse its discretion in denying the motion to withdraw the plea, and we therefore affirm.

Schlau was indicted for incest, rape, statutory rape, aggravated sodomy, aggravated child molestation, and aggravated sexual battery. After trial began and a jury had been selected, Schlau pled guilty to the statutory rape count, with the State agreeing to dismiss the remaining counts. Approximately four months later, Schlau filed a pro se motion to withdraw his plea, which was denied. He appealed from this denial, and we vacated and remanded for further proceedings because the trial court did not hold a hearing on the guilty plea or on Schlau's request for appointment of counsel. *Schlau v. State*, 261 Ga. App. 303, 305 (582 SE2d 243) (2003). After remand, Schlau was appointed counsel, who eventually was replaced by retained counsel. The trial court held a hearing and denied the motion to withdraw the plea. From this order, Schlau appeals.

1. We first consider the well-established legal principle that when a trial court denies a motion to withdraw a guilty plea, it may be reversed only for a manifest abuse of discretion.

> After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion. Of course, in determining the

motion, the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm.

(Citations and punctuation omitted.) *Norris v. State,* 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006); see also *Sheffield v. State,* 270 Ga. App. 576, 577 (1) (607 SE2d 205) (2004).

Schlau first claims that "there was clear and convincing proof of the defendant's innocence at the time of the accept[a]nce of his *Alford* plea." He bases this contention primarily on his daughter's recantation of her accusations. But a defendant's contention of innocence is an integral part of an *Alford* plea:

Under *North Carolina v. Alford,* the trial court may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. If the defendant later challenges the validity of his guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by (1) showing on the record of the plea hearing that the defendant was aware of the rights he was waiving and the possible consequences of his plea; or (2) pointing to extrinsic evidence affirmatively showing that the guilty plea was knowingly and voluntarily entered.

(Citations and footnotes omitted.) *Duque v. State,* 271 Ga. App. 154 (1) (608 SE2d 738) (2004). The mere existence of a meritorious defense is not a sufficient basis to set aside a guilty plea, because the plea acts as a waiver of all defenses. This is particularly true when the defendant was aware of the potential defense prior to entry of the plea. *David v. State,* 279 Ga. App. 582, 585-586 (631 SE2d 714) (2006). The daughter's recantation was known to Schlau before the guilty plea; she took the stand at the sentencing hearing the same day and testified that she had lied in her original accusation.

Moreover, Schlau incorrectly contends that the victim's unsworn statements to friends, law enforcement, and a physician are insufficient to support his conviction. Even though such statements are not within the scope of the Child Hearsay Statute because the victim was 17 years old at the time of trial, OCGA § 24-3-16 (applicable to "child under the age of 14 years"), they are nevertheless admissible as prior inconsistent statements and constitute substantive evidence. See *Lewis v. State,* 278 Ga. App. 160, 161 (1) (628 SE2d 239) (2006). In

addition, Schlau made incriminating statements to the police and to his wife. And despite her earlier recantation, at the hearing on Schlau's motion to withdraw his plea the daughter testified to a similar transaction or prior difficulty in which Schlau molested her. Schlau's insistence that his daughter's statements are uncorroborated is also incorrect. The evidence presented constitutes ample corroboration of statutory rape. Id.

2. In his second and sixth enumerations of error, Schlau alleges that the prosecutor threatened him and his family, forcing him to enter a plea, and that he was threatened with a longer sentence if he did not enter a plea. But the State presented countervailing evidence that no threats were made. Schlau's trial counsel testified that Schlau proposed the idea of a guilty plea. There was no threat of a longer sentence, because the plea was open-ended with the State recommending a ten-year prison term. "Duress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion." (Citation and punctuation omitted.) *Jones v. State*, 268 Ga. App. 723, 727 (2) (603 SE2d 73) (2004).

3. In his third enumeration of error, Schlau claims he was suffering from depression and under the influence of "psychotropic drugs" at the time he entered his plea. But Schlau testified at some length at the plea hearing, stating that he was pleading guilty to avoid having his family suffer through his trial. At the hearing on the motion to withdraw, Schlau's trial counsel testified that he was mentally competent and did not appear to be under the influence of any medication. The police investigator also testified that, based on his contacts with Schlau and his observations of him, he did not believe that Schlau was incompetent. Schlau did not offer any medical or other expert testimony regarding his mental competence or the influence of any medication; only he, his wife, and his daughter testified on his behalf at the hearing. In a similar case in which no expert testimony was offered, we held:

> This testimony raised a factual issue of whether [appellant] was under the influence of a drug at the time of the plea and, even if he was, of whether it affected him sufficiently to establish that his plea was not voluntarily, knowingly and intelligently made. Because resolution of factual questions [is] for the trial court, we find no abuse of discretion.

(Citations and punctuation omitted.) *Hardeman v. State*, 273 Ga. App. 550, 551 (615 SE2d 611) (2005). And while on a plea statement form the question "are you now under the influence of any alcohol, drugs, narcotics, or other pills" was answered "yes," Schlau's trial counsel testified that this was a "misnomer" and that he had placed

it on the form in error while he was writing down Schlau's responses. This was a factual determination for the trial court based upon all the evidence, including Schlau's testimony at the plea hearing that he was not under the influence of drugs or alcohol. See *David*, supra, 279 Ga. App. at 585, n. 1.

4. Schlau contends he was not advised of the minimum and maximum sentences under his guilty plea, pointing out that this information was left blank on the plea form and not discussed at the plea hearing. His trial counsel testified, however, that he "went through the maximum and minimums" and explained them to Schlau. This was extrinsic evidence from which the trial court could conclude that Schlau was indeed advised of the potential sentences. *David*, supra.

5. Finally, Schlau asserts ineffective assistance of counsel. In contrast to most issues litigated in a motion to withdraw a plea of guilty, the burden of proof on this question is not placed on the State:

> When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Citation and punctuation omitted.) *Howard v. State*, 274 Ga. App. 861, 861-862 (619 SE2d 363) (2005). This portion of Schlau's brief is somewhat perfunctory, consisting of two pages of general allegations and citations to the general law on ineffective assistance of counsel. Since Schlau's general allegations were contradicted directly by his trial counsel's testimony at the hearing on the motion to withdraw the plea, factual determinations are for the trial court, *Wilson v. State*, 257 Ga. App. 113, 116 (2) (a) (570 SE2d 416) (2002), and we accept the trial court's determination unless clearly erroneous, *Wynn v. State*, 228 Ga. App. 124, 127 (3) (491 SE2d 149) (1997), Schlau has failed to carry his burden of demonstrating both that his counsel's performance was deficient and that counsel's deficient performance prejudiced his defense.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 17, 2006 —

*McNeill Stokes*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.