A07A0329. PATEL v. THE STATE.
(641 SE2d 184)

BLACKBURN, Presiding Judge.

Following his nolo contendere plea to a charge of family violence battery, Viren Patel (represented by counsel) moved to withdraw his plea, which motion the court denied. He appeals pro se, contending that the court erred in (i) denying his petition for court-appointed

appellate counsel, (ii) imposing a special condition on his pre-trial bond that precluded him from contacting the victim, (iii) revoking his bond for contacting the victim, (iv) denying his motion to set aside this revocation, (v) denying his motion to withdraw his nolo plea and his subsequent motion to reconsider this denial, and (vi) denying his motion to transfer venue. Discerning no error, we affirm.

The undisputed evidence shows that Patel was arrested and charged with one count of family violence battery and two counts of simple battery arising out of an alleged violent encounter with his wife. He was released from jail on a cash bond with the special condition that he "stay away absolutely, directly or indirectly, by person, telephone, messenger or any other means of communication from [his wife]." He acknowledged that "upon a violation of any of these special conditions, my bond may be revoked."

Alleging that Patel violated this special condition by accompanying his wife to court to have her dismiss a separate temporary protective order against him, the State moved the court to revoke the bond. Following an evidentiary hearing at which Patel was represented by counsel, the court revoked the bond. Two weeks later, Patel (with advice of counsel) negotiated with the State and decided to plead nolo contendere to the family violence battery charge; he was sentenced to thirty days imprisonment plus eleven months probation. Conditions of probation included 20 days of community service plus no violent contact with his wife.

Obtaining a new attorney, Patel timely moved to withdraw his nolo plea, claiming that he was coerced into making the plea and that his sentence was greater than that negotiated. Following another evidentiary hearing, the court denied this motion and later denied a motion to reconsider this ruling. The court further denied Patel's motion to transfer venue and his motion to set aside the order revoking bond. Filing an affidavit of indigence, Patel moved the court to appoint appellate counsel for him. Based on evidence presented at a third hearing, the court found Patel's testimony of indigence incredible and denied the appointment of appellate counsel. Patel appeals pro se.

1. In his first enumeration of error, Patel argues that the court erred in denying his indigent application for court-appointed appellate counsel. As held in *McQueen v. State*,[1] " '[t]he determination of indigency calls for the exercise of discretion based upon consideration of relevant criteria of indigency.' " Here, Patel completed a form application for appointed counsel in which he listed his income, liabilities, and assets. See Uniform Superior Court Rules 29.2, 29.3

---

[1] *McQueen v. State*, 240 Ga. App. 15, 16 (522 SE2d 512) (1999).

(D). The court then held an evidentiary hearing, at which Patel testified as to his alleged indigency. Finding Patel's testimony "neither credible nor believable," the court denied his application.

In 1987, the Supreme Court of Georgia held that "the court's judgment in regard to appellant's indigency is not subject to review." *Penland v. State.*[2] Since then, our Court has repeatedly confirmed that on appeal "[w]e will not look behind the court's determination of indigence." *McQueen*, supra, 240 Ga. App. at 16. See, e.g., *Schlau v. State*[3] ("whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review") (punctuation omitted); *Lopez v. State*[4] ("[a] trial court's determination regarding a defendant's indigent status is not subject to review"); *Barrett v. State.*[5] Accordingly, we do not review the trial court's findings as to Patel's indigency.

"Review of a trial court's procedure in making decisions as to appointed appellate counsel, however, is authorized." (Punctuation omitted.) *Schlau*, supra, 261 Ga. App. at 305 (2). As the trial court here conducted an evidentiary hearing at which Patel was allowed to present his evidence of and arguments regarding indigency, we discern no error in the procedure followed.

Finally, we note that in arguing this enumeration, Patel makes numerous irrelevant assertions, including that his first trial counsel betrayed him, that he filed a judicial complaint against the trial judge, and that another trial judge found he was indigent in an unrelated civil case. Beyond their irrelevance, none of these assertions is supported by any citations to evidence in the record, nor have we found any supporting evidence.

2. Patel's second enumeration claims that the trial court lacked the authority to impose the special bond condition that Patel have no contact with his wife. For offenses involving an act of family violence, OCGA § 17-6-1 (f) (2) expressly authorizes special bond conditions that the accused "hav[e] no contact of any kind or character with the victim." Even without this express statutory authorization, *Clarke v. State*[6] held that the trial court has inherent authority to impose such conditions when the defendant is charged with a violent crime against a specific victim. This enumeration must fail.

---

[2] *Penland v. State*, 256 Ga. 641, 642 (352 SE2d 385) (1987).

[3] *Schlau v. State*, 261 Ga. App. 303, 305 (2) (582 SE2d 243) (2003).

[4] *Lopez v. State*, 259 Ga. App. 720, 723 (4) (578 SE2d 304) (2003).

[5] *Barrett v. State*, 192 Ga. App. 705, 707 (6) (385 SE2d 785) (1989).

[6] *Clarke v. State*, 228 Ga. App. 219, 220 (1) (491 SE2d 450) (1997).

3. Patel's third enumeration charges that the trial court erred in revoking his pre-trial bond. However, since Patel subsequently entered a nolo plea and is now free on supersedeas bond, this issue is moot, particularly since we affirm in Division 4 below the court's judgment denying the withdrawal of that plea. See generally *McLendon v. State*.[7]

Moreover, even if the issue were not moot, Patel's argument that no evidence supported the court's order revoking the bond fails. The bond's special condition mandated that Patel "stay away absolutely, directly or indirectly, by person, telephone, messenger or any other means of communication from [his wife]." At the hearing on the bond revocation, one witness testified that Patel admitted (i) he had been communicating with his wife through a mutual friend and (ii) he met with his wife at the courthouse to have her withdraw a temporary protective order against him. Another witness testified that she saw Patel in the clerk's office with his wife and that he sat directly behind her in the courtroom. Thus, some evidence supported the trial court's finding that Patel had violated the special bond condition, which justified the revocation of the bond. See *Clarke*, supra, 228 Ga. App. at 222 (2) ("the trial court . . . has the authority to revoke the bond if, following a hearing, the trial court determines that the defendant violated those conditions").

Patel complains that the trial court admitted certain hearsay testimony during the bond revocation hearing. However, even assuming that such evidence was inadmissible hearsay, we note that in hearings where the trial judge is the finder of fact, "there is a presumption, in the absence of a strong showing to the contrary, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence." (Punctuation omitted.) *Allen v. State*.[8] As no showing to the contrary was made here, we must affirm. See *King v. State*.[9]

In his argument on this enumeration, Patel also alleges that the trial court erred in denying his pro se motion to continue the bond revocation hearing.[10] However, this ruling was not enumerated as error in any of Patel's enumerations of error. Therefore, "the arguments in his brief that a [continuance] should have been granted are not before us. See *Fuller v. State*[11] ('an appealing party may not use

---

[7] *McLendon v. State*, 123 Ga. App. 290, 298 (5) (180 SE2d 567) (1971).

[8] *Allen v. State*, 280 Ga. App. 663, 664 (1) (634 SE2d 831) (2006).

[9] *King v. State*, 214 Ga. App. 406 (1) (447 SE2d 712) (1994).

[10] Notably, after being appointed as counsel to Patel for the bond revocation hearing, Patel's trial counsel did not move for a continuance. Cf. *Grice v. State*, 224 Ga. 376 (2) (162 SE2d 432) (1968).

[11] *Fuller v. State*, 262 Ga. App. 656, 657 (1) (586 SE2d 359) (2003).

its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumerations of errors')." (Punctuation omitted.) *Bowden v. State.*[12]

Because the issue is moot and because in any case the court did not err in revoking the bond, Patel's third enumeration of error fails. For the same reasons, his seventh enumeration of error that the court erred in denying his motion to set aside the bond revocation order is also without merit.

4. In his fourth enumeration of error, Patel contends that the court erred in denying his motion to withdraw his nolo plea after sentence was pronounced.

> Prior to pronouncement of sentence, a defendant is entitled, as a matter of right, to withdraw a plea of guilty. After pronouncement of sentence, the motion to withdraw rests in the sound discretion of the trial court. A plea of nolo contendere stands on the same footing as a plea of guilty.

(Citations omitted.) *Marshall v. State.*[13]

In his motion to withdraw, Patel claimed that his nolo plea was not made voluntarily, knowingly, and intelligently. "When a defendant challenges the validity of his guilty plea, the [S]tate bears the burden of showing that the plea was made voluntarily, knowingly and intelligently." *Williams v. State.*[14] To meet this burden, the State may pursue either or both of two avenues: (1) show on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. Id.

Here, the State did both. The State presented a document from the plea hearing, in which document Patel acknowledged the charges and potential punishment and further acknowledged that by entering his nolo plea, he was waiving his rights to a trial by jury, to the presumption of innocence, to confront witnesses against him, to subpoena witnesses, to testify and to offer other evidence, to assistance of counsel during trial and other stages, not to incriminate himself, and to appeal an adverse judgment against him. The State showed that during the plea hearing, the court recessed to give Patel another opportunity to discuss these matters with his counsel. At the motion-to-withdraw hearing, the State put Patel's trial counsel on the stand, who testified that he had repeatedly discussed these rights

---

[12] *Bowden v. State*, 279 Ga. App. 173, 177 (2) (630 SE2d 792) (2006).

[13] *Marshall v. State*, 128 Ga. App. 413 (1) (197 SE2d 161) (1973).

[14] *Williams v. State*, 279 Ga. App. 388, 389 (631 SE2d 417) (2006).

and other strategic matters with Patel in detail before Patel decided to enter the nolo plea. The State showed that the court at the plea hearing expressly found that Patel understood the nature of the charges and consequences; that no promises, force or threats were used to obtain the plea; and that Patel knowingly, freely, and voluntarily entered the plea.

To contradict Patel's claims, the State further presented evidence that prior to the plea, the State did not cause him to hunger while in jail nor did the sentence entered by the court differ from that negotiated by Patel. Indeed, the record of the plea hearing shows that the sentence was expressly acquiesced in by Patel's counsel, with no objection from Patel. See *Powell v. State.*[15] The court was authorized to reject Patel's self-serving testimony and to find that he entered the plea knowingly, intelligently, and voluntarily. See *Williams,* supra, 279 Ga. App. at 390.

Patel urges that his incarceration leading up to the plea hearing coerced him into entering the plea, since he needed to get out of jail to visit an ill daughter. Such claims did not trump the authority of the court to find that based on the evidence before it, Patel entered the plea freely and voluntarily. See *Hirjee v. State.*[16]

Based on the above analysis, the trial court did not err in denying the motion to withdraw the nolo plea (enumeration of error number four) nor in denying the motion for reconsideration of that ruling (enumeration of error number six).

5. In his fifth enumeration of error, Patel argues that the court erred in denying his motion to transfer venue that was based on his allegation that he had filed a judicial complaint against the trial judge and that therefore the trial judge and all judges in the county would be biased against him. This motion, which was in effect a motion to recuse, was unsupported by any affidavit or other evidence showing that indeed a judicial complaint had been filed or that the judge was biased or prejudiced against him. See *Gould v. State.*[17] Accordingly, the court did not err in denying the motion. Id.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 15, 2006 —
RECONSIDERATION DENIED JANUARY 5, 2007 — ▮

Viren Patel, *pro se.*

---

[15] *Powell v. State,* 239 Ga. App. 780, 782 (3) (522 SE2d 244) (1999).

[16] *Hirjee v. State,* 263 Ga. App. 185, 186 (587 SE2d 144) (2003).

[17] *Gould v. State,* 273 Ga. App. 155, 158-160 (4) (614 SE2d 252) (2005).

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.