## A92A2388. LOPEZ v. THE STATE.
(428 SE2d 448)

JOHNSON, Judge.

Teodora Lopez pled guilty to theft by shoplifting. The trial court denied her motion to withdraw her guilty plea. She appeals directly from her conviction and from the denial of her motion to withdraw the guilty plea.

1. In her first two enumerations of error, Lopez contends that the trial court erred in determining that her guilty plea was voluntarily and intelligently entered. We disagree. "When the accused pleads guilty the record must disclose the defendant's voluntary waiver of

his constitutional rights. The court will not presume a waiver, if it is not affirmatively shown on the record. The most reliable method of perfecting the record in this regard is to conduct an inquiry into the defendant's understanding of the nature and consequences of his plea. There is no procedural requirement that the judge personally make all the inquiries provided that they are made in his presence and the failure to make such an inquiry is not fatal where the record reflects that the defendant was represented by counsel who advised him of all of his rights and of the consequences of entering the plea." (Citations and punctuation omitted.) *Lewis v. State*, 191 Ga. App. 509 (2) (382 SE2d 207) (1989).

The transcript shows that Lopez was represented by counsel. She indicated that she understood the charge, pled guilty and told the court that no one had forced her to plead guilty. Lopez's counsel told the court that she believed that her client was entering the plea freely and voluntarily. The court then explained to Lopez that since this was her third shoplifting conviction, any subsequent convictions would be felonies. In addition to this colloquy, Lopez, her counsel, and the court signed a written waiver of rights form indicating that the plea entered was made freely and voluntarily and that the defendant had been advised of the nature and consequences of her plea. Compare *Lewis*, supra.

Under these circumstances, we find that the court did not err in determining that Lopez entered her guilty plea voluntarily and intelligently.

2. In support of her motion to withdraw guilty plea, Lopez asserted that the court erred in failing to inquire whether she was able to understand English well enough to comprehend her rights. In denying her motion, following an evidentiary hearing, the court found that Lopez's guilty plea was "freely, knowingly and voluntarily given." The court's order did not specifically address the issue of Lopez's knowledge of the English language and a transcript of the motion hearing was not included in the record.

Lopez fails to point to any evidence in the record, nor can we find any, in support of her contention that she had difficulty in understanding the English language. Our review of the arraignment hearing transcript indicates that Lopez properly responded to the trial court's questions in English, and entered her plea on the waiver of rights form in English. There is no evidence in the record showing that Lopez did not understand English or had any trouble speaking English. Lopez's counsel never claimed that Lopez was having difficulty understanding English, nor is there any evidence in the record that Lopez requested or needed the services of a translator. Indeed, the trial court found that Lopez was able to understand the nature and consequences of her plea as evidenced by her signature at the bottom of

the waiver of rights form.

"The burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citations and punctuation omitted.) *Taylor v. State*, 197 Ga. App. 678, 680 (2) (399 SE2d 213) (1990). Lopez failed to meet her burden on this issue. We must therefore presume that the court was correct in its finding that her plea was intelligently and voluntarily entered; and we conclude that any language problems she may have experienced did not act as a barrier to the intelligent and voluntary entry of her plea.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 1, 1993.

*James B. McGinnis*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Michael S. Fox, Assistant Solicitors*, for appellee.