A02A1270. HILDRETH v. THE STATE.
(570 SE2d 49)

BLACKBURN, Chief Judge.
Following a guilty plea to felony interference with government
property, felony obstruction and hindering of a law enforcement
officer, felony fleeing and attempting to elude a law enforcement
officer by driving in a reckless manner, misdemeanor obstruction of a
law enforcement officer, and misdemeanor driving under the influ-

---

[4] *Carswell v. State*, 251 Ga. App. 733, 736 (3) (555 SE2d 124) (2001).

ence of drugs, Reginald Lee Hildreth a/k/a Muwakkil Hildreth appeals his sentencing as a recidivist pursuant to OCGA § 17-10-7 (c).[1] Hildreth contends that his sentence must be vacated because: (1) trial counsel provided ineffective assistance by failing to try to prevent the State from obtaining a certified copy of an Arkansas felony conviction which would trigger recidivist sentencing under OCGA § 17-10-7 (c); (2) the trial court committed plain error by allowing the State to have a continuance to obtain the certified copy of the Arkansas felony conviction; (3) the trial court erred by failing to notify the defendant on the record that he would be sentenced as a recidivist pursuant to OCGA § 17-10-7 (c) during the sentencing hearing; and (4) the trial court erred by failing to merge the counts of felony interference with government property, felony obstruction and hindering of a law enforcement officer, and felony fleeing and attempting to elude a law enforcement officer. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the evening of December 20, 2000, while under the influence of cocaine, Hildreth led police on a high-speed chase down both secondary streets and the interstate. During the chase and pursuit, Hildreth intentionally rammed into a manned police car driven by Deputy Shaun Browder three times in an attempt to escape. Hildreth was stopped only after police were forced to perform a "pit maneuver" on his car, causing him to crash into a highway median.

On April 25, 2001, the State filed a notice of its intent to introduce evidence of previous convictions in order to trigger recidivist sentencing provisions under OCGA § 17-10-7 and served this notice on Hildreth's attorney at the time. At a hearing on September 24, 2001, after he had retained new counsel, Hildreth pled guilty to the charges against him. Hildreth's new trial attorney stated that Hildreth had the opportunity to review everything in his file, which would include the recidivist notice, on multiple occasions prior to the September 24 hearing. Hildreth still chose to plead guilty. Sentencing, however, was not entered at this initial hearing. Instead, the trial court granted Hildreth's counsel's request for an eight-day con-

---

[1] OCGA § 17-10-7 (c) provides:
Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

tinuance to prepare for the sentencing hearing, which was set to be held on October 2, 2001.

Apparently, the sentencing hearing was not held on October 2, 2001, and the trial court granted the State's request for a continuance, presumably in order to procure a certified copy of an Arkansas felony conviction which had not yet been obtained. The State intended to use this Arkansas conviction, along with two others, to trigger recidivist sentencing under OCGA § 17-10-7 (c). Hildreth has not provided a transcript of the October 2, 2001 proceedings. There is nothing in the record which conveys to this Court the reason for the State's continuance request, Hildreth's response to the request, or the trial court's reason for granting the request. The record indicates only that the request for a continuance was made and granted, and that the State obtained the certified copy of the Arkansas conviction on October 12, 2001.

Hildreth's sentencing hearing was held on January 8, 2002. During the proceedings, Hildreth's counsel asked the court to "keep in mind" that the State had not obtained the certified copy of the Arkansas conviction either at the time of the initial hearing on September 24, 2001, or at the time that the State requested a continuance on October 2, 2001. Hildreth's counsel argued that, if sentencing had occurred on these dates, Hildreth could not have been sentenced as a recidivist because the State had not yet obtained a certified copy of the Arkansas conviction.

After sentence had been imposed at the end of the sentencing hearing, Hildreth testified on his own behalf and complained that his attorney had improperly allowed the State to "go on 30 more days on a continuance when they didn't have the information at that time." Hildreth also complained that he had not been told that he was going to be sentenced as a recidivist until that morning.

Following Hildreth's complaints, the trial court allowed Hildreth the opportunity to withdraw his guilty plea. After considering the option overnight, Hildreth decided not to withdraw.

1. Hildreth contends that his trial counsel was ineffective for both (1) requesting an eight-day continuance to gather mitigating information for sentencing purposes and (2) failing to object to the State's request for a continuance to receive a certified copy of the Arkansas conviction. In essence, Hildreth argues that his trial counsel was ineffective for not trying to prevent the State from having any extra time to obtain the certified copy of the Arkansas felony conviction. In making this argument, Hildreth contends that the State was not diligent in obtaining the certified copy, that his trial counsel knew that the State was not diligent, and that his trial counsel failed to act on this information. These claims, however, are made without any support from the record.

Hildreth has failed to provide this Court with a transcript of the proceedings in which these requests for a continuance occurred, and, as the record now stands, there is nothing which allows us to determine the efficacy of his claims. Although Hildreth argues that his trial counsel knew at the time that he requested a continuance on September 24, 2001, that the State had not yet obtained a certified copy of the Arkansas conviction, there is nothing of record to support this fact. In addition, although Hildreth complains that his trial counsel should have objected to the State's request for a continuance on October 2, 2001, there is no record of this failure to object. Moreover, with no record of the State's reason for requesting the continuance or the trial court's reason for granting that continuance, there is nothing for this Court to review. See, e.g., *Smith v. State*.[2]

In addition, even if Hildreth's counsel had consented to the continuance requested by the State, granting or denying that continuance remained within the discretion of the trial court, not Hildreth's attorney. Hildreth has provided this Court with no basis to presume that the trial court would have denied the State's request for a continuance absent his trial counsel's consent.

2. In a related enumeration, Hildreth contends that the trial court committed plain error by granting the State's request for a continuance to obtain a certified copy of the Arkansas felony conviction. Again, there is no transcript of the State's request for a continuance, and, as such, there is nothing in the record regarding the nature of this request or the parameters of the trial court's grant of this request. Hildreth presents nothing for our review. *Smith*, supra.

3. Hildreth contends that the trial court erred by failing to notify him on the record that he was going to be sentenced pursuant to OCGA § 17-10-7 (c), and, as such, he would not be eligible for parole.

But eligibility or ineligibility for parole is not a consequence of a plea of guilty, but rather is a matter of legislative grace or a consequence of the withholding of legislative grace. Thus, the requirement of OCGA § 17-10-7 (c), that [Hildreth] serve the maximum time provided in the sentence of the judge for this conviction, would have only a collateral effect on [Hildreth's] sentence . . . , in no way lengthening the sentence itself, but merely conditioning satisfaction of that sentence upon [Hildreth's] incarceration . . . as designated in that sentence. There is no constitutional requirement that a defend-

---

[2] *Smith v. State*, 230 Ga. App. 151 (495 SE2d 624) (1998).

ant be advised of such collateral consequences for his decision to reject or accept a plea bargain to be valid.

(Citations omitted.) *Mann v. State*.[3]

4. Finally, Hildreth argues that the trial court should have merged his convictions for felony interference with government property, felony obstruction and hindering of a law enforcement officer, and felony fleeing and attempting to elude a law enforcement officer, arguing that these crimes merged as a matter of fact. Hildreth obtusely contends that he is inappropriately being punished multiple times for the same conduct of ramming into a police car.

"Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other." (Punctuation omitted.) *Head v. State*.[4]

[T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*.[5]

We must first review the charges alleged in the indictment. Count 1 of the indictment states that Hildreth "did . . . destroy, damage and deface government property, to wit: a Rockdale County Sheriff's Department patrol car . . . by ramming the patrol car with his vehicle." Count 2 of the indictment provides that Hildreth "did . . . knowingly and willfully obstruct, resist, and oppose Rockdale County Sheriff's Deputy Shaun Browder, a law enforcement officer in the lawful discharge of his official duties, by offering and doing violence to the person of said officer, to wit: by hitting Deputy Browder's patrol car three (3) times with his vehicle." Count 5 of the indictment states that Hildreth

did . . . willfully fail and refuse to bring his vehicle to a stop, and did otherwise flee and attempt to elude a pursuing police officer in traffic conditions placing the general public

---

[3] *Mann v. State*, 240 Ga. App. 809, 810 (1) (b) (524 SE2d 763) (1999).
[4] *Head v. State*, 202 Ga. App. 209, 210 (2) (413 SE2d 533) (1991).
[5] *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

at risk of receiving serious injuries, after having been given a visual and audible signal by a police officer, Georgia State Patrol trooper Doug Wilson, who was in uniform prominently displaying his badge of office and was in a vehicle appropriately marked showing it to be an official police vehicle.

There is no question that Count 5 of the indictment does not merge with the other crimes. The crime designated therein differs completely from the crimes alleged in Counts 1 and 2 and involves a wholly separate set of facts. Counts 1 and 2 also do not merge in this case as a matter of fact. In this case, interference with government property was proved with a different set of facts from those used to prove obstruction and hindering of a law enforcement officer. The facts show that Hildreth struck a manned police car three separate times. Each strike could be considered a separate offense and, depending on the nature of that strike, could constitute either interference with government property or obstruction. As the evidence showed that Hildreth rammed Deputy Browder's car on three separate occasions, we cannot say that the facts necessary to prove interference with government property were exactly the same facts necessary to prove obstruction in this case. Accordingly, these counts did not merge as a matter of fact.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002 — 

*Philip L. Ruppert*, for appellant.
*Richard R. Read, District Attorney, Kirk M. Thomas, Roberta A. Earnhardt, Assistant District Attorneys*, for appellee.