A02A2426. CAIN v. THE STATE.
(577 SE2d 860)

MILLER, Judge.

A jury found Henry David Cain guilty of impersonating a peace officer. Following the denial of his motion for new trial, Cain appeals, challenging the sufficiency of the evidence and arguing that the trial court coerced a unanimous verdict and prejudiced the jury by causing one juror to change his vote. We discern no error and affirm.

1. Cain contends that the evidence presented at trial was insufficient to sustain his conviction. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and Cain no longer enjoys the presumption of innocence. *Short v.*

---

*State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence showed that while on patrol, an officer observed a vehicle off-road in a field. He noticed Cain sitting in the vehicle. As the officer approached, Cain exited the vehicle, indicated that he was an officer, stated, "It's okay, I'm with Fulton County," and displayed a badge. The officer asked Cain for identification, and Cain showed the officer a private investigator's card and a POST certification card. The officer then asked Cain for his police identification. In response, Cain stated that he had been with Fulton County since 1998. After Cain failed to provide the officer with the requested documentation, the officer called the Fulton County Sheriff's Department and was informed that Cain was no longer employed with the agency. The officer then placed Cain under arrest for impersonating an officer. A commander with the Fulton County Sheriff's Department testified that Cain's employment as a Fulton County peace officer terminated in 1988.

Under OCGA § 16-10-23, "[a] person who falsely holds himself out as a peace officer or other public officer or employee with intent to mislead another into believing that he is actually such officer commits the offense of impersonating an officer. . . ." Here, the evidence showed that Cain falsely held himself out as a peace officer with Fulton County as alleged in the indictment. The evidence sufficed to sustain the conviction. See *Thompson v. State*, 240 Ga. App. 26, 29 (2) (521 SE2d 876) (1999).

2. In two enumerations, Cain argues that the court prejudiced the jury when it singled out one juror outside the presence of the jury without summoning the entire jury panel, and that this action coerced a unanimous verdict by placing that juror under pressure and causing him to change his vote. Cain further argues that his right to a fair trial was violated because after this occurred, the trial court immediately and without explanation dismissed a different juror.

During deliberations, the jury submitted a note to the court stating that one juror "will offer absolutely no justification for his position," and that "[w]ithout [the] juror's contribution [they] cannot continue." The jury foreperson was summoned and explained to the court that the juror in question chose to "take the Fifth," refused to participate in the deliberations, and would not speak to the other jurors. The court summoned the juror and questioned him about the note. The juror denied that he had not been participating, stated that

he had taken part in the deliberations, and that he had taken a position in the case. The court asked the juror if he was able to set aside other factors and base his decision solely on the evidence in light of the court's instructions. The juror responded affirmatively.

The record reveals that the court was concerned with the juror's alleged failure to deliberate and that the court did not attempt to coerce the juror in any way to change his vote. The court repeatedly stated that it did not wish to know what the juror's position was as to Cain's guilt or innocence. We find no error in the court's actions. Cf. *Craft v. State*, 254 Ga. App. 511, 517 (8) (563 SE2d 472) (2002).

Soon thereafter, the court dismissed a different juror after discovering that the juror had prior convictions that he failed to reveal during voir dire. Cain argues that the failure of the court to explain to the remaining jurors why this juror was dismissed confused the jury and placed undue pressure on the juror who was questioned about his failure to deliberate. There is nothing in the record, however, to show that the dismissal of the juror had such effect, and mere speculation is not grounds for reversal. See, e.g., *Lopez v. State*, 207 Ga. App. 554, 556 (2) (428 SE2d 448) (1993) (the party alleging error has the burden to show it affirmatively by the record, and when this burden is not met, the judgment is assumed to be correct and must be affirmed). Moreover, we find no authority requiring the court to explain to the jury the reason for the removal of a juror.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 12, 2003.

*Axam, Adams & Secret, Tony L. Axam,* for appellant.
*Paul L. Howard, Jr., District Attorney, Eric K. Dunaway, Assistant District Attorney,* for appellee.