## A05A1554. HOPKINS v. THE STATE.
### (619 SE2d 368)

PHIPPS, Judge.

Donald Hopkins was charged with simple assault. Unable to post bond, he remained in jail for about three months awaiting trial. Prior to the scheduled trial date, he entered a plea of nolo contendere to the charge and was sentenced to time served. About one month after entry of the plea, Hopkins moved to withdraw it, claiming ineffective assistance of counsel. After conducting a hearing, the trial court denied Hopkins's motion. Finding no abuse of discretion, we affirm.

> In *Hill v. Lockhart*,[1] the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. The Court held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[2] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[3]

Hopkins allegedly assaulted a maintenance worker at his apartment complex on August 6, 2004, by threatening to do him harm. Counsel was appointed to represent Hopkins on August 20. At his August 23 arraignment, Hopkins entered a plea of not guilty. The next day, counsel filed a demand for jury trial. Hopkins's scheduled November 10 trial was never held, because he entered his plea of nolo contendere on October 25. Counsel testified that he advised Hopkins not to enter the plea because of the likelihood that it would result in revocation of his probation for aggravated assault. Counsel further testified that Hopkins insisted on entering the plea, because his only concern was to be released from pretrial incarceration due to his health and his family's precarious financial condition.

1. Hopkins charges his attorney with ineffective assistance in not having fully investigated the case at the time of the plea hearing.

---

[1] 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

[2] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

Based on counsel's testimony at the hearing on the motion to withdraw the plea, the trial court was authorized to find that counsel had conducted a sufficient investigation of the case to determine that Hopkins had a viable defense and to advise him to adhere to the not guilty plea he had entered at arraignment, and that counsel's decision to await further investigation until a time closer to trial was not unreasonable.[4]

2. Hopkins charges counsel with ineffective assistance in failing to request a bond reduction or signature bond. Hopkins, however, has made no showing of any reasonable probability that such a request would have been granted.

3. Hopkins charges counsel with ineffectiveness in not having expedited the trial by filing a demand for speedy trial or by filing a demand for a bench trial rather than a jury trial. Here, however, the accusation was returned against Hopkins during the August term of the Clayton Superior Court; and his case was scheduled for trial at the start of the next term, which began in November.[5] Under the circumstances, Hopkins has made no showing that filing either a demand for bench trial or a demand for speedy trial would have materially expedited the case. The trial court thus did not abuse its discretion in denying Hopkins's motion to withdraw his nolo contendere plea.[6]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 2, 2005.

*Frank T. Smith*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.

---

[4] Compare *Tenorio v. State*, 261 Ga. App. 609, 611-613 (3) (583 SE2d 269) (2003) (where the case was tried, and defense counsel conducted a deficient pretrial investigation by failing to locate disinterested alibi witnesses).

[5] See OCGA § 15-6-3 (10).

[6] See generally *Hill v. State*, 267 Ga. App. 357 (599 SE2d 307) (2004).