## A06A1083. FOSTER v. THE STATE.
(636 SE2d 759)

BARNES, Judge.

Willie Leonard Foster, pro se, appeals from the trial court's order denying his motion to withdraw a guilty plea. Foster was charged with rape and two counts of battery, and pled not guilty. A jury trial was scheduled, but on the trial date, instead of proceeding with the trial, Foster pled guilty to aggravated assault and two battery counts as part of a negotiated plea. The trial court sentenced Foster to ten years, to serve three in prison. Foster later filed a timely motion to withdraw his guilty plea, but after a hearing, the trial court denied the motion. Foster contends that the trial court erred in denying his motion because the facts fail as a matter of law to establish that he committed aggravated assault or battery under OCGA § 16-5-21, and because his trial counsel provided ineffective assistance. For the following reasons, we conclude that there was no error and affirm the trial court's decision.

1. In two related enumerations, Foster contends that the trial court erred in denying his motion to withdraw his guilty plea because the factual basis was insufficient to support his plea. We do not agree.

"After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." *Johanson v. State*, 260 Ga. App. 181 (1) (581 SE2d 564) (2003).[1] "[Uniform Superior Court Rule (USCR)] 33.9 requires the trial court to make such inquiry on the record as may satisfy him that there is a factual basis for the plea." (Punctuation omitted.) *State v. Evans*, 265 Ga. 332, 334 (2) (454 SE2d 468) (1995). A trial court may glean the factual basis for a plea from facts put on the record at the guilty plea hearing, or the court may learn the factual basis from parts of the record outside the plea hearing so long as the court makes clear on the plea hearing record that it is relying on those other parts of the record and so long as those parts are included in the record for appeal. Id. at 334-335 (2).

At Foster's plea hearing, the assistant district attorney stated that if the case proceeded to trial, he expected the evidence to show that Foster approached the victim, a former girlfriend, asked her for a ride, then forced her into his brother's residence. He kept her there against her will, had sex with her several times, and hit her repeatedly. The girl's parents reported her missing when she did not come

---

[1] See also USCR 33.12 (B) ("In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right once sentence has been pronounced by the judge.").

home, and police later discovered her at Foster's brother's home. Foster's counsel concurred that this was his understanding of the facts which the State would present.

The facts of the case as narrated by the prosecutor presented a sufficient factual basis for Foster's plea. *Whitesides v. State*, 266 Ga. App. 181, 187 (3) (596 SE2d 706) (2004). See also *Harpe v. State*, 254 Ga. App. 458, 460 (3) (562 SE2d 521) (2002) (prosecutor's summary of indictments against defendant provided ample information from which trial court could determine existence of factual basis for plea).

Moreover, the record reflects that the trial court informed Foster of the consequences of his pleas, his waiver of certain constitutional and statutory rights, and the minimum and maximum possible sentences for the crimes with which he was charged. The trial court inquired into the voluntariness of the plea, as required by USCR 33.7, and Foster stated that he entered his guilty plea freely and voluntarily, and that he was in fact guilty. The record in this case thus shows that the trial court established on the record a factual basis for Foster's plea, and that he knowingly and willingly pled guilty to these charges. We therefore find no manifest abuse of discretion by the trial court in denying Foster's motion to withdraw his guilty plea.

2. Foster also contends that his trial counsel was ineffective.

> The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Punctuation omitted.) *Hopkins v. State*, 274 Ga. App. 872 (619 SE2d 368) (2005). See also *Zellmer v. State*, 273 Ga. App. 609 (1) (615 SE2d 654) (2005).

Foster alleges that his trial counsel (a) failed to conduct an adequate pretrial investigation in that counsel did not interview possible defense witnesses; (b) misled him into a guilty plea; (c) failed to inform him of important developments in his case; (d) did not provide the trial court with Foster's medical record; (e) failed to question the detective or the victim; (f) failed to inform Foster that he had a legal defense to the charge of aggravated assault; and (g) failed to inform him that he had a right to appeal his case. Foster argues that but for these mistakes by his counsel, he would not have pled guilty.

The record reflects that at the plea hearing Foster asked the trial court for additional time to confer with his counsel. The trial court granted this request, and Foster then stated to the trial court that he

had sufficient time to discuss everything he needed to discuss with his attorney. At the hearing on his motion to withdraw his plea, Foster confirmed that he told the trial court at his plea hearing that he had sufficient time to discuss his case with his attorney. Foster also stated at the hearing on his motion to withdraw his plea that he met with his attorney three times before the plea hearing.

Although Foster now contends that he wanted his trial counsel to interview additional witnesses, conduct a more thorough investigation, present his medical record, and discuss further developments, defenses, and his right to appeal, Foster does not present any evidence to support his claims that his counsel did not conduct an adequate investigation of the case, or that if his counsel took the above actions, he would have insisted on going to trial. As Foster's guilty plea was knowing and voluntary, any claims that counsel was ineffective in the course of obtaining or contesting that plea are without merit. *Thompson v. State*, 208 Ga. App. 825 (432 SE2d 250) (1993).

As to his other claims regarding ineffective assistance, Foster's testimony at the hearing on his motion to withdraw his plea

> simply presented a matter of witness credibility, which was for the trial court to decide. As the final arbiter of the facts, the trial court was authorized to reject [Foster's] self-serving testimony during the hearing on the motion to withdraw the plea and find that he entered it knowingly and voluntarily.

(Citation and punctuation omitted.) *Carter v. State*, 272 Ga. App. 158, 161 (2) (611 SE2d 790) (2005).

The record in this case supports the trial court's finding that Foster gave his guilty plea freely and voluntarily, and with adequate representation of counsel. We find no merit in Foster's claim that the trial court erred in denying his motion to withdraw his guilty plea on account of ineffective assistance of counsel.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 18, 2006.

Willie L. Foster, *pro se.*
*Spencer Lawton, Jr.,* District Attorney, *Nancy Grey R. Brimberry, Assistant District Attorney,* for appellee.