### A08A0033. LEARY v. THE STATE.
(662 SE2d 733)

RUFFIN, Presiding Judge.

As part of a negotiated plea, Victor Leary pled guilty to two counts of armed robbery, two counts of kidnapping, and two counts of possessing a firearm during the commission of a crime and was sentenced to fifteen years in jail.[1] He moved to withdraw his plea, and the trial court denied the motion. Leary appeals this ruling, arguing that he should have been permitted to withdraw his plea because: (1) the record fails to establish a factual basis for the plea; (2) there is insufficient evidence that his plea was knowingly and intelligently entered; and (3) he received ineffective assistance during the plea hearing. For reasons that follow, we disagree and affirm.

1. According to Leary, the trial court failed to ascertain whether a factual basis existed for his guilty plea. Specifically, he contends that the indictment should have been read into the record. We disagree. A trial court may determine that the requisite factual basis exists for a guilty plea either from facts adduced during the plea hearing or from parts of the record outside the plea hearing, including the indictment, provided that the court makes note of its reliance during the plea hearing and as long as any document upon which the court relies is included in the appellate record.[2] And a factual basis is sufficient if it subjectively satisfies the trial court that the defendant " 'knows both what he has done and that those acts constitute the crime with which he is charged.' "[3]

During the plea hearing, the prosecutor reiterated the charges that Leary was facing before providing the following synopsis of the facts:

> [Leary] along with [a co-defendant], did enter into the apartment belonging to the Brown family. In the apartment at that time was Melvin Brown. The two of them each

---

[1] As part of a negotiated plea, the trial court issued an order of nolle prosequi for two counts of aggravated assault and one count of criminal damage to property.

[2] See *Bielen v. State*, 265 Ga. App. 865, 866 (1) (595 SE2d 543) (2004); *Robertson v. State*, 287 Ga. App. 271, 272 (2) (651 SE2d 198) (2007).

[3] *Arnold v. State*, 278 Ga. App. 188, 189 (2) (a) (628 SE2d 605) (2006).

presented a gun, a firearm, to Mr. Brown. They pushed him into a room. They tied him up. They did strike him. They then took from his immediate presence some sports jerseys by use of this offensive weapon. During the course of that taking place, Melonie Brown arrived home to the apartment. When she entered into the apartment, they then took her by force into a room, tied her up, and had a gun to her head. They then took a variety of items belonging to her from her immediate presence by use of that weapon, including a wallet and ID.

The prosecutor also informed the trial court that one of the victims had managed to place a 911 call and that much of the crime had actually been recorded by the 911 operator. Before this factual summary, Leary's attorney stated on the record that he had discussed the facts of the case with Leary, who understood that there was "more than sufficient evidence to convict him should the case go to trial." And Leary conceded that he was, in fact, guilty. Under these circumstances, a sufficient factual basis was established for the acceptance of Leary's guilty plea.[4]

2. Leary also asserts that there is insufficient evidence that his plea was knowingly and voluntarily entered because he was not informed that he would be required to serve his full sentence and would be ineligible for parole. He contends this error was compounded by the fact that the trial court misinformed him that he would be eligible to have his sentence reviewed.

At the hearing, the trial court questioned Leary extensively about his understanding of the consequences of his plea. Although the trial court did not also inform Leary that he would be ineligible for parole, we will not overturn a guilty plea based upon the court's failure to inform a defendant of such collateral consequences of a guilty plea.[5] The fact that the trial court allegedly misinformed Leary about his eligibility for sentence review does not change the result, as eligibility to have a sentence reviewed is also a collateral rather than direct consequence of pleading guilty.[6] Moreover, in order to warrant reversal, harm must be shown in addition to error.[7] Because Leary did not timely seek to have his sentence reviewed, he cannot

---

[4] See *LaFette v. State*, 285 Ga. App. 516, 518 (2) (b) (646 SE2d 725) (2007); *Foster v. State*, 281 Ga. App. 584, 584-585 (1) (636 SE2d 759) (2006).

[5] See *Hildreth v. State*, 256 Ga. App. 832, 835-836 (3) (570 SE2d 49) (2002).

[6] See *Reed v. State*, 251 Ga. App. 606, 607 (554 SE2d 792) (2001).

[7] See *Wyman v. State*, 267 Ga. App. 118, 120 (2) (598 SE2d 855) (2004).

establish that he was harmed by any misinformation received by the trial court.[8]

3. Finally, Leary claims that he received ineffective assistance of counsel in connection with his guilty plea. Specifically, he argues that his attorney failed to inform him that he would be required to serve the full 15 years or to correct the trial court when it incorrectly stated that the sentence was subject to review. Again, we find no basis for reversal.

In order to establish an ineffective assistance claim with respect to a guilty plea, Leary must show that a reasonable probability exists that, but for counsel's alleged errors, he would not have pleaded guilty.[9] As a result of the charges against him, the trial court informed Leary that he faced a potential sentence of 90 years in prison. Based upon the plea agreement, the State agreed to seek a sentence of 20 years, with 15 to serve. Here, Leary does not assert that he would have rejected the plea deal and insisted upon going to trial if his attorney had told him that he was ineligible for parole or corrected the trial court's misstatement about his eligibility for sentence review. Accordingly, Leary has not established that he was prejudiced by any alleged ineffectiveness.[10]

"The determination whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion."[11] Under the circumstances of this case, we find no abuse of discretion in the trial court's denial of Leary's motion to withdraw his plea.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 7, 2008 —
RECONSIDERATION DISMISSED JUNE 4, 2008.

*Gregory A. Hicks*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[8] See former OCGA § 17-10-6 (a).
[9] See *Carson v. State*, 286 Ga. App. 167, 168 (1) (648 SE2d 493) (2007).
[10] See *Johnson v. State*, 275 Ga. 538, 540 (2) (570 SE2d 289) (2002).
[11] (Punctuation omitted.) *Collier v. State*, 281 Ga. App. 646, 647 (637 SE2d 72) (2006).