### A10A2086. SHULER v. THE STATE.
(703 SE2d 382)

JOHNSON, Judge.

Jamario Shuler appeals the trial court's order denying a motion to withdraw his guilty plea to two counts of armed robbery and two counts of kidnapping. Because the trial court did not manifestly abuse its discretion in concluding that Shuler voluntarily and intelligently entered his guilty plea,[1] we affirm.

1. In separate enumerations of error, Shuler contends the trial court erred in denying his motion to withdraw his guilty plea because (a) he was not properly advised of his rights prior to entering the plea, (b) his plea was based on his ineffective trial counsel's advice that he would only receive ten years in prison, and (c) his plea was based on his ineffective trial counsel's decision not to appeal the denial of his motion to suppress. We disagree.

A ruling on a motion to withdraw a guilty plea lies in the sound discretion of the trial court, and this Court will not disturb such a ruling absent a manifest abuse of that discretion.[2] If the motion to withdraw is based on an ineffective assistance of trial counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[3] We find no abuse of

---

[6] *In the Interest of Q. P.*, supra at 226.
[1] See *David v. State*, 279 Ga. App. 582, 584 (631 SE2d 714) (2006).
[2] See *Maples v. State*, 293 Ga. App. 232, 234 (666 SE2d 609) (2008).
[3] Id.

discretion in the present case.

(a) Shuler argues that the trial court erred in denying his motion to withdraw his guilty plea because he was not adequately advised of his rights prior to entering his guilty plea. He cites to specific rights that were not mentioned by the trial court pursuant to Uniform Superior Court Rule ("USCR") 33.8. However, while the better practice is for the trial court to discuss on the record every essential right a defendant is waiving, this Court has previously determined that the trial court is authorized to accept a pre-printed form, signed by the defendant prior to entering his plea, acknowledging that the defendant understands the rights he is waiving.[4] The question is not whether the trial court followed the letter of USCR 33.8, but whether the record, as a whole, affirmatively shows that the appellant's plea was knowing and voluntary.[5] Here, the record is replete with facts supporting the trial court's determination that Shuler understood his rights and the consequences of his waiver.

First, Shuler's attorney testified that he and Shuler reviewed each and every right contained in the 31-question pre-printed plea form prior to entering the plea. Shuler affirmatively stated that he understood these rights and voluntarily waived them. After the plea was entered, the trial court asked Shuler a litany of questions regarding his understanding of his rights and waiver of these rights. Although the trial court did not specifically advise Shuler that he waived his presumption of innocence by pleading guilty, the trial court did advise him that he had a right to require the state to prove his guilt of the offenses beyond a reasonable doubt in a trial. And although the trial court did not specifically advise Shuler that he had a right to subpoena witnesses, he did sign a plea agreement asking him if he had time to subpoena witnesses if he desired them. Likewise, Shuler's claim that the trial court did not notify him that he had a right to testify and present evidence during a trial was amply covered by both the trial court and the pre-printed plea form. We conclude that the record as a whole affirmatively shows that Shuler was adequately informed of his rights and that his plea was knowing and voluntary.[6]

(b) Shuler next argues his plea was not made intelligently and voluntarily because his trial counsel was ineffective for advising him that he faced a twenty-year sentence, and only ten years would be served in prison. According to Shuler, he would not have pled guilty if he had known he would be receiving two concurrent life sentences.

---

[4] *Moore v. State*, 225 Ga. App. 860 (1) (485 SE2d 552) (1997).

[5] Id.; *Stephens v. State*, 235 Ga. App. 756, 758 (510 SE2d 575) (1998).

[6] *Stephens*, supra.

This claim is contrary to the evidence adduced at the plea hearing.

According to the record, Shuler pled guilty to two counts of armed robbery and two counts of kidnapping, and the state agreed to dismiss a number of other charges. Shuler was informed that the state was not recommending a sentence and that sentencing was solely within the trial court's discretion. In addition, when asked by his attorney, Shuler signified that he understood that the minimum sentence he faced on the armed robbery charges was ten years and that the maximum sentence he could receive on the charges was life. The trial court also inquired whether Shuler understood he could be facing potential life sentences and that it was solely up to the court to decide the sentence, and Shuler indicated at the time of his plea that he understood. The trial court subsequently sentenced Shuler to concurrent life sentences on the armed robbery convictions, and 20 years to serve on the kidnapping convictions, concurrent with each other and the life sentences.

Shuler's trial counsel testified at the motion to withdraw the guilty plea that he made it clear to Shuler that sentencing would be solely left to the trial court. The attorney also informed Shuler that he would receive at least ten years to serve and could face up to a life sentence on each armed robbery count. According to trial counsel, he made absolutely no assurances that Shuler would receive any particular sentence. And he informed Shuler that the state refused to agree to a twenty-year, ten-to-serve sentence and that the trial judge "might very well impose a harsher sentence simply because of the facts and circumstances surrounding these two offenses."

Here, the trial court and trial counsel both correctly informed Shuler as to the maximum and minimum penalties for the crimes charged. There was sufficient evidence that Shuler understood the possible sentencing ramifications of his guilty plea, and his subsequent "misunderstanding" is not a valid basis for withdrawing the plea. A trial court is authorized to reject the self-serving testimony of an appellant presented at the hearing on his motion to withdraw his plea and find that he knowingly, freely, and voluntarily entered the plea.[7] The trial court did not err in denying Shuler's motion to withdraw his guilty plea on this ground.

(c) Shuler next argues his plea was not made intelligently and voluntarily because his trial counsel was ineffective in failing to seek interlocutory relief or taking the case to trial in order to appeal the adverse ruling in a motion to suppress filed on his behalf. According to Shuler his trial counsel did not inform him about his right to

---

[7] See *Patel v. State*, 283 Ga. App. 181, 186 (4) (641 SE2d 184) (2007); *Foster v. State*, 281 Ga. App. 584, 586 (2) (636 SE2d 759) (2006).

appeal the prior adverse ruling. We find no error.

First of all, a valid guilty plea is to be treated as an honest confession of guilt and a waiver of all defenses, known and unknown.[8] And Shuler specifically acknowledged in his waiver of rights form that he understood that the entry of his guilty plea waived all defenses known and unknown and that he may not thereafter rely on these defenses. In addition, trial counsel testified that he did not believe it was in his client's best interest to conduct a trial solely to pursue an appeal because had he taken the case to trial, Shuler might have been sentenced to an even harsher sentence given the fact that the state agreed to dismiss several counts in order to effectuate the plea. Counsel also testified that after discussing the issue of filing an interlocutory appeal with the co-defendants' attorneys and Shuler, he decided not to file such an appeal because he did not feel like the case warranted immediate review and because his client was in jail without bond and he did not want to prolong the case.

Here, Shuler entered a valid guilty plea and cannot now seek to re-address a defense he previously waived. Moreover, Shuler has not met his burden of showing that, but for counsel's purported error in failing to advise him of a possible appeal right on the motion to suppress, he would not have pled guilty and would have insisted on going to trial.[9] The trial court did not err in denying Shuler's motion to withdraw his guilty plea on this ground.

2. Shuler contends his conviction must be overturned because it is predicated upon evidence that was seized unlawfully and in violation of his Fourth Amendment rights. However, as stated above in Division 1 (c), Shuler has waived his right to argue the denial of his motion to suppress in this case by pleading guilty.[10]

3. Shuler maintains that, at a minimum, he should be re-sentenced because his trial counsel failed to introduce mitigating evidence at his sentencing. According to Shuler, his aunt would have testified that Shuler did not have reasonable intelligence, was always behind in school, and could not appreciate the gravity of his case. Shuler also maintains his stepfather would have presented mitigating evidence, but he does not offer what the mitigating evidence would have been.

Despite Shuler's argument, he has not shown how any mitigating evidence would have affected his sentence. He has thus failed to carry his burden of showing that he was prejudiced by counsel's performance.[11] Moreover, trial counsel testified that in his experience

---

[8] See *David*, supra at 586.

[9] *Maples*, supra; *Lee v. State*, 277 Ga. App. 887, 890 (2) (627 SE2d 901) (2006).

[10] See *Taylor v. State*, 169 Ga. App. 779, 780 (315 SE2d 288) (1984).

[11] See *Barber v. State*, 236 Ga. App. 294, 299 (5) (512 SE2d 48) (1999).

of 30 years, there was nothing that could have been offered in mitigation that would have been beneficial given the circumstances of the crime and what had already been testified to at the plea hearing. Trial counsel did ask the court to be merciful given Shuler's age. This enumeration of error lacks merit.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010.

*John G. Edwards*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.