A11A0451. TRAPP v. THE STATE.
(710 SE2d 637)

MIKELL, Judge.

Steven Thomas Trapp appeals the trial court's denial of his motion to withdraw his nonnegotiated guilty plea to theft by shoplifting, for which the trial court sentenced him to serve ten years in confinement. Trapp contends that the plea was not knowingly and voluntarily entered and that his trial counsel was ineffective.[1] We disagree and affirm.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court, and we will not disturb that ruling absent a manifest abuse of that discretion. Of course, in determining the motion, the trial court is the final arbiter of all factual disputes raised by the

---

[1] See *Maddox v. State,* 278 Ga. 823, 826 (4) (607 SE2d 587) (2005) (After sentence has been pronounced, a guilty plea may be withdrawn only to correct a manifest injustice, such as, "if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.") (citation and punctuation omitted).

evidence. If evidence supports the trial court's findings, we must affirm.[2]

In the case at bar, the evidence supports the trial court's findings, and the court did not abuse its discretion in refusing to allow Trapp to withdraw his plea, as demonstrated below.

1. When a defendant challenges the validity of a guilty plea, the state bears the burden of showing that the defendant entered his plea knowingly, intelligently, and voluntarily.[3] The state may sustain this burden "by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea."[4]

The record in this case shows that Trapp decided to enter a plea in the middle of his trial, just before the jury was set to view a video of the shoplifting incident. Trapp's counsel explained that his defense had been mistaken identity, but once Trapp viewed the video on a large screen with his glasses on, he wanted to "take responsibility for his actions, no longer hold the jury or waste the court's time." The video was made by James Barbie, a loss prevention specialist for Lowe's Home Improvement Centers. Barbie testified that he was monitoring the tool section of the Carroll County store on closed-circuit television when he observed a man, whom Barbie later identified as Trapp, remove wrenches from their packaging and place them in his pocket. According to Barbie, Trapp exited the store through the commercial sales area without paying for the merchandise. Barbie confronted Trapp outside the store, and Trapp surrendered the wrenches, which were introduced into evidence. Barbie testified that he "burned" three copies of the incident onto DVDs, and one copy was introduced into evidence. The court took a recess in order for technicians to set up the proper equipment on which to play the video, and during the recess, Trapp announced that he wished to enter a guilty plea.

The trial court commenced a plea hearing, during which the prosecutor explained to Trapp the nature of the charge, the range of punishment it carried, and all of the rights that Trapp waived by pleading guilty. In each instance, Trapp confirmed that he understood. Trapp also confirmed that he was, in fact, guilty. In addition, Trapp acknowledged that he had had an opportunity to confer with

---

[2] (Punctuation and footnotes omitted.) *Hubbard v. State*, 301 Ga. App. 388-389 (687 SE2d 589) (2009).

[3] *Bazemore v. State*, 273 Ga. 160, 161 (1) (535 SE2d 760) (2000).

[4] (Citation and punctuation omitted.) *Williams v. State*, 296 Ga. App. 270, 271 (1) (a) (674 SE2d 115) (2009).

his attorney and that he was satisfied with his attorney's services. He denied using any mind-altering substances and stated that no promises or threats had been made to induce him to plead guilty. Trapp also acknowledged that he understood that he was entering a plea without a recommendation from the state as to his sentence.

The trial court made a second inquiry, during which Trapp again confirmed that he was cognizant of all of the rights he was waiving by pleading guilty; that he was doing so freely and voluntarily; and that no one had threatened or coerced his decision. Trapp confirmed that he understood that the sentence could range from one to ten years in prison and stated that he still wished to plead guilty. Trapp's counsel acknowledged his "extensive" criminal history and offered poverty and homelessness in mitigation. Trapp apologized to the court for committing the crime, called his stealing an "addiction," and threw himself on the mercy of the court. The trial court accepted Trapp's plea, finding that it was made freely and voluntarily and that a factual basis existed for the plea. The court sentenced Trapp to the maximum penalty, ten years to serve.

Notwithstanding all of his pronouncements at the plea hearing, Trapp testified at the hearing on his withdrawal motion that he "panicked" at trial, could not remember entering the plea, and had "no idea why" he did so. He claimed that he was "confused" and "not in his right mind" when he entered the plea. Trial counsel contradicted this testimony, explaining that when Trapp saw the video, he looked at her and said, "I'm sunk, aren't I?" The video depicted Trapp wearing the same shoes that he wore at trial. Counsel informed Trapp that if he wanted to plead guilty, he would have to enter a blind plea, and she explained that he would likely be sentenced to ten years to serve. Counsel testified that in her opinion, Trapp entered the plea freely and voluntarily.

After recounting Trapp's extensive criminal history, the trial court rejected his assertions as "ridiculous" and denied his motion to withdraw his plea. On appeal, Trapp essentially challenges the court's credibility determinations, urging us to reweigh the evidence. We cannot do so. "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony."[5] Here, the trial court was authorized to disbelieve Trapp's self-serving testimony and to find that he knowingly, freely, and voluntarily entered the plea.[6]

---

[5] (Citation and footnote omitted.) *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[6] *Shuler v. State*, 306 Ga. App. 820, 822 (1) (b) (703 SE2d 382) (2010); *Thornton v. State*,

2. Trapp next contends that he received ineffective assistance of counsel. To prevail on this claim, Trapp "must show that his lawyer's performance was deficient and that, but for [counsel's] errors, there is a reasonable probability he would have insisted on going to trial."[7] Trapp contends that trial counsel was ineffective in failing to interview and subpoena witnesses. In this regard, trial counsel testified at the withdrawal hearing that Trapp wanted her to subpoena every employee of Lowe's and every law enforcement officer who was present in the store on the day he was arrested. However, he gave her no reason for wanting to do so. Trapp testified, "What I wanted her to do was subpoena those people so that maybe somebody saw something as to what I did that day. I mean I looked guilty as hell, you know?" Contrary to his testimony at the plea hearing, Trapp claimed that he bought the wrenches at a flea market but was returning them to Lowe's for a refund and that he had spoken to a store employee about it. He claimed that the potential witness would support his defense theory. Trapp, however, failed to produce any such witness at the hearing on his motion to withdraw his plea. As a result, Trapp has not demonstrated that there is a reasonable probability he would have insisted on going to trial but for trial counsel's failure to interview any potential witness.[8]

Moreover, evidence supports the trial court's finding that Trapp was motivated to plead guilty after viewing a video of himself committing the crime and not as a result of any purportedly deficient performance by counsel. Accordingly, Trapp's claim of ineffective assistance fails.[9]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 27, 2011.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*Peter J. Skandalakis, District Attorney, David P. Taylor, Assistant District Attorney*, for appellee.

---

180 Ga. App. 274 (349 SE2d 23) (1986) (upholding finding that appellants' guilty pleas were entered voluntarily and intelligently despite their claims that they were "frightened and confused, were rushed into making a decision" and "could not think").

[7] (Citation omitted.) *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000).

[8] See *Foster v. State*, 281 Ga. App. 584, 585-586 (2) (636 SE2d 759) (2006).

[9] See, e.g., *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002) (trial court authorized to believe counsel's testimony over that of defendant); *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010) (same).