**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 11, 2013**

# In the Court of Appeals of Georgia

A12A2160. WILLIAMS v. THE STATE.

RAY, Judge.

Tommy L. Williams pled guilty to three counts of an indictment that charged him with various crimes related to the sale, possession, and possession with intent to distribute controlled substances. About one month after sentencing, Williams moved to withdraw his guilty plea. He appeals the trial court's denial of his motion, contending that his plea was not freely, knowingly, and voluntarily entered. He also argues that his sentence was illegal in that it exceeded the maximum allowed by law. For the reasons that follow, we affirm in part, and vacate and remand in part.

As a threshold matter, we note that the evidence at the plea hearing presented the trial court with a sufficient factual basis for the entry of a guilty plea. Viewed

appropriately,[1] the evidence shows that, while out on bond after pleading guilty to selling controlled substances in Berrien County, Williams was arrested in Tift County on the charges at issue here after selling controlled substances to an undercover officer with the Tift County Sheriff's Department Narcotics Interdiction Unit. After his arrest, Williams was found to be in possession of Oxycontin, Lortab, and Lorcet. With the assistance of counsel, Williams entered a non-negotiated guilty plea to Counts 7, 9, and 10 of the indictment. Count 7 charged him with possession of Oxycontin with intent to distribute; Count 9 charged him with the sale of Lorcet; and Count 10 charged him with the sale of Lortab. The trial court sentenced Williams on each count to 30 years, with 20 years to serve and the remainder on probation. All sentences were to run concurrently.

1. Williams assigns error to the trial court's denial of his motion to withdraw his guilty plea, contending that the plea was not freely, voluntarily, and knowingly entered.

A defendant has an absolute right to withdraw his guilty plea prior to the pronouncement of a sentence, but after sentencing, a guilty plea may be withdrawn

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

only to correct a manifest injustice.[2] Although the test for manifest injustice will necessarily vary from case to case, our appellate courts have determined, for example, that a manifest injustice may result where the plea was entered involuntarily or without an understanding of the charges.[3] Absent an abuse of discretion, we will not disturb the trial court's ruling on a motion to withdraw a guilty plea.[4] When a defendant challenges his guilty plea, the State bears the burden of showing that the defendant freely and voluntarily entered the plea with an understanding of the nature of the charges against him and an understanding of the consequences of the plea.[5] "The State may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence."[6]

Here, the State has met its burden. The plea hearing transcript shows that in response to detailed questions from the trial court, Williams voiced his understanding

---

[2] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

[3] Id.

[4] (Footnote omitted.) *Trapp v. State*, 309 Ga. App. 436, 436 (710 SE2d 637) (2011).

[5] *Jackson v. State*, 299 Ga. App. 662, 663 (683 SE2d 623) (2009).

[6] (Footnote omitted.) *Miller v. State*, 241 Ga. App. 397, 398 (1) (527 SE2d 571) (1999).

3

of the nature of the charges against him and with the trial court's recitation of the mandatory maximum and minimum sentences on those charges.[7] Specifically, Williams testified that he was not under the influence of drugs or alcohol; that he wanted to plead guilty; and that he understood that he was giving up various rights, including his right to a jury trial, his right to remain silent, and his right to the presumption of innocence. He also testified that he had spoken to his attorney about the charges and possible defenses. Although there was some initial confusion about whether Williams was pleading guilty to the charges in Count 6 versus Count 7, when asked by the trial court if he had unlawfully possessed Oxycontin with the intent to distribute, as charged in Count 7, Williams responded, "Yes, sir." He also told the trial court as to Count 9 that he sold Lorcet to an undercover agent and as to Count 10 that he also sold Lortab. He stated that both drugs are "brand names" for hydrocodone. He testified that he understood that the applicable sentencing range for each of Counts 7, 9, and 10 was 10 to 40 years. He further stated that he had no questions about his rights, that he was not coerced into pleading, and that he was "guilty." Immediately prior to sentencing, the trial court told Williams that he could

---

[7] Uniform Superior Court Rule 33.8.

change his mind, "back out" of the guilty plea, and go to trial, but that once he had been sentenced, he could not back out. Williams stated that he understood.

On appeal, Williams contends that at the hearing on his motion to withdraw his guilty plea, that he testified that he did not have enough time to talk with his attorney prior to entering the plea, that he was on medication at the plea hearing, and that he did not fully understand what he was doing when he was answering the trial court's questions. However, because Williams has not provided a copy of the hearing transcript, we must assume that the trial court's findings are correct.[8]

In an analogous case, *Trapp v. State*,[9] also involving credibility determinations, we affirmed the trial court's denial of a motion to withdraw a guilty plea. In *Trapp*, the defendant at his plea hearing testified that he was not intoxicated, and that he understood his rights, the charges, and the accompanying sentences; at his later motion to withdraw, however, he stated that he "panicked" and "was not in his right

---

[8] See *Lopez v. State*, 207 Ga. App. 554, 555 (2) (428 SE2d 448) (1993) (where defendant did not provide transcript of hearing on motion to withdraw guilty plea, she did not meet burden of showing error affirmatively by the record; thus, appellate court must assume trial court is correct).

[9] Supra.

mind," and that he could not remember entering his plea.[10] Because the trial court is the final arbiter of witness credibility and of any factual disputes, if the evidence supports the trial court's ruling, we must affirm.[11] Here, the evidence supports the trial court's ruling, and we find no error.

2. Williams contends that his sentences as to Counts 9 and 10 were illegal because they exceeded the maximum allowable for the charges against him. Specifically, he argues that although the indictment charges him with selling Schedule III controlled substances, which pursuant to OCGA § 16-13-30 (h) carry a sentencing range of one to 10 years, he was sentenced to 30 years on each count. The State counters that the indictment contains a "typographical error" as to the schedule number and argues that the substances at issue in Counts 9 and 10, Lorcet and Lortab, contain hydrocodone and are Schedule II drugs carrying a 10- to 40-year sentence.[12]

---

[10] *Trapp*, supra at 438 (1).

[11] Id. at 436-437.

[12] OCGA § 16-13-30 (d). See generally *Serna v. State*, 308 Ga. App. 518, 520-521 (1) (707 SE2d 904) (2011) (upholding conviction where indictment charged defendant with possessing a "dangerous drug" known as "amyl nitrate," which was not included on applicable statute's list of dangerous drugs, where defendant admitted to possessing "alkyl nitrite," which was listed in the statute); *Wright v. State*, 232 Ga. App. 104, 106 (2) (501 SE2d 543) (1998) (upholding conviction where indictment alleged defendant sold "Cocaine, a Schedule II Controlled Substance" and parties

6

OCGA § 16-13-30 (b)[13] provides that, except as authorized, "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance." Any person convicted, as was Williams, of violating subsection (b), may be imprisoned, as a recidivist, for not less than 10 years nor more than 40 years for a Schedule II substance;[14] or may be imprisoned for not less than one year nor more than 10 years for a Schedule III substance.[15]

Although the State argues that Lorcet and Lortab are Schedule II substances because they contain hydrocodone, various forms of hydrocodone appear on both Schedule II[16] and Schedule III.[17] Here, it is unclear which schedule, which code

stipulated that defendant sold crack cocaine, but State failed to prove that cocaine was a Schedule II substance).

[13] OCGA § 16-13-30 was amended by Ga. L. 2012, Act 709, § 3-7A, which did not go into effect until July 1, 2012, after the offenses occurred in this case. While the amendments did not alter the portions of the statute at issue here, we nonetheless, as is appropriate, consider this case under the prior version of the statute. See Ga. Laws 1997, p. 1311, § 4.

[14] OCGA § 16-13-30 (d).

[15] OCGA § 16-13-30 (h).

[16] OCGA § 16-13-26 (1) (A) (ix).

[17] OCGA § 16-13-27 (4) (C), (D).

section, and which sentencing range would apply to the substances Williams pled guilty to selling. Under these circumstances, we are compelled to vacate Williams' sentences as to Counts 9 and 10 and to remand the case sub judice to the trial court for a hearing to determine on which schedule the controlled substances at issue belong, and to impose a lawful and appropriate sentence.[18]

*Judgment affirmed in part, sentence vacated in part, and case remanded with direction for resentencing. Miller, P. J., and Branch, J., concur.*

---

[18] See generally *Christenson v. State*, 261 Ga. 80, 92 (12) (402 SE2d 41) (1991) (conviction affirmed as to guilt, but sentence remanded to trial court for further factual and evidentiary determinations and potentially a new sentencing hearing); *Ramage v. State*, 259 Ga. App. 616, 617 (578 SE2d 245) (2003) (sentence vacated and case remanded for trial court to consider defendant's request for first offender status, and to resentence accordingly); *Brown v. State*, 244 Ga. App. 544, 545 (536 SE2d 253) (2000) (case remanded to allow defendant to provide evidence of the voluntariness of his prior guilty pleas for purposes of resentencing).